## SCHORNING v. KNICKERBOCKER ICE CO.

*(Supreme Court, General Term, Second Department.* February 11, 1891.)

MASTER AND SERVANT—NEGLIGENCE OF MASTER—EVIDENCE.

In an action against his employer for personal injuries, plaintiff's evidence showed that while he was climbing out of defendant's ice-house the slat of the ladder of which he had hold broke, and precipitated him a number of feet to the ice below, and hurt him badly. He failed to show that the ladder was not sufficient when built, or that there was any defect of which defendant might have known. He testified, however, that the slat split, and that it could not have done so had it been properly nailed. *Held,* that there was not sufficient evidence to go to the jury.

Appeal from special term, Rockland county.

This was an action by Albert Schorning against the Knickerbocker Ice Company, to recover damages for personal injuries. There was judgment for plaintiff, and on defendant's motion for a new trial the court rendered the following opinion:

"BARTLETT, J. I have carefully read over the stenographer's minutes of the testimony given on the trial of this action, and a review of the evidence convinces me that there was not sufficient proof of negligence to take the case to the jury, and the motion to dismiss the complaint at the close of the plaintiff's case should have been granted. The plaintiff was an employe of the defendant, engaged at the time of the accident in storing ice in one of the defendant's ice-houses at Rockland lake. He was descending a ladder consisting of wooden slats fastened to upright tenders on the inner side of the ice-house, when a slat that he was grasping with his hand gave way, in consequence of which he fell a considerable number of feet to the ice below, and was quite badly hurt. The slat split lengthwise, and the portion which broke off went down on the plaintiff. He does not remember to have examined it subsequently, however, nor was it produced upon the trial, and we are utterly without information as to what was the defect, if any, in the slat which occasioned the accident. It is true that the plaintiff was asked: 'If the upper part of that slat had been properly nailed, could it have broken off?' and in the absence of objection he answered: 'No, sir;' and this was testifying only to an inference, and not to a fact; and subsequently the plaintiff declared that the wood did not draw out,—'the wood split off what I had in my hands,'—a statement inconsistent with his inference that improper nailing caused it to give way. So that the evidence does not really reveal or indicate what the defect was which led to the injury, if, in fact, there was any defect for which the defendant could be held responsible. The obligation of the defendant to the plaintiff with reference to the ladder in question was twofold: *First,* to furnish a ladder which in its original construction should be safe for the servants to use; and, *secondly,* to use reasonable care and diligence to keep it safe. No question arises here as to the original construction of the ladder, or series of steps formed of slats, from which the plaintiff fell. He had often been up the ladder before, and there is no evidence to indicate that it was not perfectly safe when first built. The defendant's negligence, if any, must therefore be predicated upon the omission to maintain a ladder in a safe condition. But the plaintiff did not show that there was any defect in the slat that broke, or in its fastening, which would have been revealed upon inspection, or whether the defendant ever caused any inspection to be made or not, or that the defendant was ever notified of the existence of any defect. He himself, though frequently using the ladder, had not noticed any. 'The mere happening of an accident will not in all cases warrant a recovery by one receiving an injury. There must be reasonable evidence of negligence.' See *Breen* v. *Railroad Co.,* 109 N. Y. 297, 16 N. E. Rep. 60. It seems to me that the surrounding circumstances in the present case do not add enough to the single fact of the injury to warrant the inference that the defendant was negligent in failing to exercise reasonable care to keep the ladder in safe condition for the use of its employes. Taking this view of the proof, after reconsidering it,

as I have stated, I deem it my duty to order a new trial.   Motion to set aside the verdict and for a new trial granted, with costs to abide the event."

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*C. P. Hoffman,* for plaintiff.   *Maclay & Forrest,* for defendant.

DYKMAN, J.   The order appealed from should be affirmed, on the opinion of the trial judge.

---

### MCDERMOTT *v.* NEW YORK CENT. & H. R. R. Co.

*(Supreme Court, General Term, Second Department.   February 11, 1891.)*

MASTER AND SERVANT—INJURIES TO SERVANT.

> In an action against a railroad company for personal injuries, it appeared that plaintiff, who was employed as a "machinist's helper," was directed by defendant's foreman to couple moving cars, but was not instructed as to the danger or as to the proper method of doing the work.   *Held,* that it was a question for the jury whether plaintiff's injuries resulted from ignorance and from lack of instruction.

Appeal from circuit court, Kings county.

Action by John McDermott against the New York Central & Hudson River Railroad Company.   It was stipulated on the trial that the court might reserve right to dismiss the complaint after verdict.   After the trial the court set aside a verdict for plaintiff, and dismissed the complaint.   Plaintiff appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Morris & Whitehouse,* for appellant.   *Ashbel Green,* for respondent.

PRATT, J.   The plaintiff, who was a "machinist's helper," was directed by defendant's foreman to couple cars in motion.   This was a dangerous service, and was not in the course of the employment for which plaintiff had been engaged.   He was not instructed as to the danger, nor as to the proper method of doing the work, and the jury have found that his injury resulted from his ignorance resulting from the lack of instruction.   The rule is well settled that where, by authority of the master, an employe is taken from his ordinary occupation, and put to a service with whose dangers he is unacquainted, proper instructions should be given him, that he may not be exposed to needless peril. It is contended for defendant here that the plaintiff had such a knowledge of the dangers he incurred that this rule cannot be invoked for his benefit.   We think that was a question for the jury.   The charge placed the whole question before them, and they were instructed that the point of the case was whether plaintiff was hurt because he was not instructed how to do the work properly, and whether if he had been instructed he would have escaped.   We are not able to say that the verdict in plaintiff's favor was contrary to the evidence.   We think the verdict should stand as decisive of the facts in the case.   It follows that the order granting a new trial should be reversed, and plaintiff have judgment on the verdict, with costs of circuit and general term.

All concur.

---

### DAILEY *v.* YOUNG.

*(Supreme Court, General Term, Second Department.   February 11, 1891.)*

REAL-ESTATE BROKERS—COMMISSIONS.

> Defendant employed plaintiff to sell a house for him at $4,500.   Plaintiff was in negotiation with one D., who refused to pay the price, and he told defendant so, but defendant refused to take less, and did not terminate the contract with plaintiff.   Afterwards defendant sold to D. for $4,200.   *Held,* that plaintiff was entitled to recover commissions as the procuring cause of the sale.

Appeal from Orange county court.

Action by John B. Dailey against Jacob Young.   There was a judgment for plaintiff, and defendant appeals.