(17 App. Div. 135.)

### KERN v. BURDEN IRON CO.

(Supreme Court, Appellate Division, Third Department. May 5, 1897.)

MASTER AND SERVANT—SAFE PLACE TO WORK—EVIDENCE.

While plaintiff was pushing a car along defendant's trestle he fell, and his hand was crushed by the wheels. He testified that his fall was caused by the defective condition of the plank on which he was walking. No other witness testified as to the condition of the particular plank, but several testified for plaintiff that the walk on both sides of the trestle was in bad condition, and the court charged that it was a duty of an employer to provide reasonably safe places for his servants to work in. *Held*, that the evidence as to the condition of the walk generally and the instruction of the court were misleading, in that the jury may have concluded that defendant was liable if the walk was not in all its parts in a safe condition, regardless of its condition at the place where plaintiff was injured.

Appeal from trial term, Rensselaer county.

Action by James Kern against the Burden Iron Company for personal injuries. From a judgment of $3,000 damages and $281.02 costs entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial made on the minutes, defendant appeals. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and PUTNAM, JJ.

Esek Cowen, for appellant.

Charles E. Patterson, for respondent.

PARKER, P. J. On the 4th of February, 1887, the plaintiff was in the employ of the defendant, engaged in pushing a coal car along a trestle. The track upon such trestle was some 14 feet above the ground. On either side of it was a plank or platform upon which the men could walk that were pushing the car. The plaintiff claims that the end of the plank upon which he was walking had become so rotten that the nails pulled out and let the end of the plank fall down, so that, as he stepped upon it, he was thrown forward upon his knees; that as he fell he grasped the rail for support, and the car wheels ran onto his hand and crushed it. He brings this action to recover for the damages so sustained. The place where the accident occurred was some six or eight feet north of the boiler house, and the plaintiff is the only witness in his behalf who describes the condition of the plank at that point. Three other witnesses produced by him testified that the general condition of the plank or walk on either side of the trestle was bad, only one plank wide in many places, and generally loose; but it is plainly apparent that the proof of the defective condition of the plank which plaintiff claims existed at the point of the accident rests entirely upon his own testimony. It is also plain that, unless the accident was caused by some defect in the plank or trestle at that point, a liability for plaintiff's injuries cannot be sustained, even though the trestle was out of order at other points. The issue presented, therefore, was a very narrow one, and in my judgment the weight of evidence was decidedly against the plaintiff. It appears, without contradiction, that the trestlework was originally constructed in 1883 or 1884,—some three or four years only before the accident. It was thus substantially new at that time. It also appears from the evidence of five witnesses, neither of whom was impeached or his character in any way discredited, that there was at the place where plaintiff was hurt a walk two planks wide, and that such planks were neither unsound nor loose. Two of such witnesses saw the walk just before and just after the accident. All the others saw it the next morning. The statements of neither of these witnesses can be reconciled with the plaintiff's. It cannot be supposed that the walk was repaired before the next day, because there is not a particle of evidence upon which to base such a supposition. The testimony of the whole five witnesses is in direct conflict with that of the plaintiff; and, if their evidence is true, the plaintiff was not injured by reason of any defect in the walk or the trestle. On

their evidence, the only rational conclusion is that the plaintiff slipped on the walk, not that it broke down and threw him onto the track. And why was the evidence of all these witnesses discredited, and the statement of the plaintiff alone accepted by the jury as true? It would seem that the jury could not have correctly understood the real question upon which the defendant's liability depended.

During the trial, plaintiff's three witnesses were allowed to testify, under defendant's objection, that the walk on either side of the trestlework, and in many places other than that where the accident occurred, was in bad condition, and generally out of repair. The jury were told by the trial court that it was the duty of an employer to provide for his employé a reasonably safe place in which to prosecute the work assigned to him. They were also substantially told that the plaintiff testified that the plank upon which he was walking was rotten, so that the nails pulled out, and that it gave way under him, and that he claimed, from such evidence and that of his three witnesses who testified to the defective condition of the walk at other parts about the trestlework, to have established the fact that the walk was not in a reasonably safe condition for use. It would seem that the admission of this evidence, and the way it was put to the jury, must have misled them as to its legitimate effect, and that they must have concluded that the defendant was liable if such walk and trestle was not, in all its parts, in a sound and safe condition.

Also, the court was asked by the defendant's counsel to charge:

"That if the jury find that the trestle where the plaintiff was at work at the time of the accident was a reasonably safe place for the plaintiff to do such work as he was engaged at, and that the accident was a casualty, the plaintiff cannot recover a verdict for damages, even though they should also find from the evidence that the plaintiff was free from negligence or want of care on his part."

This request was refused. It gives point to the idea that if the place where plaintiff was at work was reasonably safe, and that if his injury was owing to a "casualty,"—his accidental slipping, for instance,—in that case the defendant would not be liable, even though the plaintiff was himself free from fault. It seems to me that such was a sound proposition, and, under the circumstances of this case, should have been charged. The refusal to charge it tended to leave the minds of the jury in confusion. It is manifest that the weight of evidence in this case is against the verdict rendered, and that substantial justice requires that a new trial be had.

Judgment and order reversed, and a new trial granted; costs to abide the event. All concur.