## KERN v. BURDEN IRON CO.

(Supreme Court, Appellate Division, Third Department.  May 3, 1899.)

MASTER AND SERVANT—NEGLIGENCE—EVIDENCE.

In an action for personal injuries occasioned by the falling of a structure on which plaintiff was working, there was no evidence either that, when first erected, the structure was not sufficiently strong for its purpose, or that the mode of its construction was unsafe, or that any particular defect existed which caused the fall. *Held* insufficient to warrant a finding of negligence in defendant.

Landon, J., dissenting.

Appeal from trial term.

Action by James Kern against the Burden Iron Company for personal injuries. Plaintiff was in the employ of the defendant, engaged in pushing a coal car along a trestle. The track upon such trestle was some 14 feet above the ground. On either side of it was a plank or platform upon which the men could walk that were pushing the car. The plaintiff claims that, while thus engaged, the plank upon which he was walking gave way, and that by reason thereof he received personal injuries. The jury rendered a verdict in favor of the plaintiff, and from the judgment entered thereon, and from an order denying a new trial upon the minutes, the defendant brings this appeal. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Esek Cowen, for appellant.
Charles E. Patterson, for respondent.

PER CURIAM. As this case comes before us on this appeal, the first question presented is whether, upon the plaintiff's own statement, any negligence has been shown against the defendant. It appears that the plank upon which the plaintiff was walking was supported at each end and in the middle by a bracket, so-called, which projected about 20 inches from the trestlework, and consisted of a strip of wood 2 inches by 4 inches in size, spiked to the timbers which supported the rail on which the cars were run. The plank, which was about 13 feet long, had a bearing of about 1 inch on the bracket at either end, and the full strength of the bracket which supported it in the middle. The plaintiff claims that he was walking in the middle of such plank, pushing with his shoulder against the car; that at such point the bracket and plank both broke from under him, and fell to the ground below, pulling loose from either end as it did so; that he saved himself from going down with it by catching onto the rail with one hand, and falling with his left knee upon the plank that run along side of the one on which he walked; that while his hand was so grasping the rail the car run onto and crushed it. The defect in the structure here complained of is evidently in the plank and the middle bracket, and primarily in the bracket. If the bracket had not broken, it is clear that the plank would have been so supported that it could not have first broken in the middle and pulled off the

brackets at either end.  There is no evidence in this case that
either the brackets or planks, when first put up, were not strong
enough to do the work required from them, or that the mode of
their construction was faulty or unsafe.  There is no evidence to
warrant the conclusion that the defendant had failed in its duty
to construct, in the first instance, a walk upon which its employés
were to work, that was sufficiently strong and reasonably safe.
On the contrary, it affirmatively appears that for three years it
had well and safely answered the purpose.  The negligence, there-
fore, if any, was in not keeping such walk in proper repair.  In
examining this question, it may be conceded that it was defend-
ant's duty, not only to repair defects when discovered, but also to
use reasonable care to discover such as might occur, and that such
duty of inspection could not be delegated to any of its employés,
so as to relieve it from liability for their negligent omission to
properly do such work.  But there is another rule which must be
borne in mind in considering this question, and that is that such
negligence "must be proved either by direct evidence, or the proof
of facts from which the inference of negligence can be legitimately
drawn by the jury.  It cannot be supported by mere conjecture or
surmise, but must be made referable by the proof to some specific
cause or defect."  Dobbins v. Brown, 119 N. Y. 188, 193, 23 N. E.
537.  There is no evidence whatever that any particular defect
existed either in this bracket or plank.  Upon this trial the plain-
tiff did not testify that either had become decayed, that the nails
which held the bracket were rusted, or that either bracket or plank
were split or in any manner weakened.  There is some slight evi-
dence that throwing coal onto the walk, which was sometimes done
when they unloaded the cars, had a tendency to curl up the ends,
loosen the nails therein, and weaken the plank; but there is no
evidence whatever that this plank had been so weakened, and much
less that this bracket had been at all affected by any such action.
Not a single fact was shown indicating why this bracket gave way
on this occasion.  No change in its condition was shown from that
in which it was when first put up.  No defect whatever was point-
ed out in the bracket or plank which should or could have been
observed by the most diligent inspection.  In what respect, then,
was the defendant negligent in not keeping this plank and bracket
in a safe condition?  What defect ought it to have seen?  What
weakness did it omit to repair?  Clearly, under such circumstances,
a jury must go into the realm of conjecture and surmise in order
to fix upon defendant any particular omission or neglect.  It is
manifest that the mere happening of this accident is not of itself
sufficient to authorize the inference that it occurred because of the
defendant's negligence.  The circumstances of the case are not
such as will warrant the application of the rule, "Res ipsa loquitur."
See Schorning v. Ice Co. (Sup.) 13 N. Y. Supp. 434, which is a case
exactly in point.  See, also, Cosulich v. Oil Co., 122 N. Y. 118, 128,
25 N. E. 259.  As between master and servant, reasonable care,
only, is required from the master.  The strict rule which is en-
forced in favor of passengers against common carriers is not ap-

plicable.  Carlson v. Bridge Co., 132 N. Y. 273, 277, 30 N. E. 750; Reiss v. Steam Co., 128 N. Y. 103, 107, 28 N. E. 24.

It is suggested that, because we did not place the reversal upon this ground when the case was before us on the former appeal (17 App. Div. 135, 45 N. Y. Supp. 152), this question is practically not in the case.   But upon that appeal the record showed that plaintiff testified that the plank broke under him as he stepped on the end, and that the effect of the breaking was to break loose the middle bracket, and thus his hand was thrown onto the track and injured.    And he gave as the reason for such breaking that the plank was rotted off all about the nails that held it to the end bracket.    The bearing which the plank had on that bracket was about an inch, and, if that part of it was so much decayed as to break when plaintiff stepped onto it, clearly a very different case was presented from the one we are now considering. On that trial he complained of a specific defect which caused his injury, and which defendant might, by reasonable inspection, have discovered and remedied.    In this case no defect whatever is pointed out, and the facts, as he states them, do not warrant an inference of negligence on the part of the defendant.    Moreover, the uncontradicted evidence is that the defendant employed a man (McCabe) to inspect this trestlework, and that it was his duty to examine it three or four times a week.    He testified that he had done so ever since it was put up. There is no substantial contradiction of that statement, nor any proof that he was not a competent man for such work.    In the absence of any proof whatever of any decay, break, or particular weakness in the bracket, or defect in the plank, unless, possibly, a loosening of the nails, which in itself would not have contributed to this accident, there seems to be no proof whatever of any neglect, either on the part of defendant or of its agents, that contributed to this injury.    As to the clear weight of evidence, it is as strong against the plaintiff's claim as it was when the case was here before.    His statement, whether we take the one given on the first trial or the one given on this, is not corroborated by any one, or by any proof whatever.    His claim rests solely upon his own story.    He takes the position that the plank and bracket broke from under him and fell to the ground, a distance of 14 feet.    Unless that statement is correct, his claim is a false one. If we discard entirely the evidence of Foran, who saw the accident and tells how it occurred, and who swears that nothing whatever broke or gave way, we have opposed to him the evidence of three witnesses, one of whom (McNab) saw the place within a few moments after the accident occurred, and went up and examined it carefully within an hour after; and two others (Manning and McCabe) examined it the next morning.    And each of them testifies that nothing was broken or out of order.    With the broken plank and bracket lying on the ground, no one who looked at it could fail to see it.    It was not necessary to go upon the walk and make careful inspection to discover the trouble, and the plaintiff's claim cannot possibly be correct, unless each of those three witnesses has perjured himself.    There is no merit in the suggestion that it may have been repaired before they saw it. Even if repaired, it would be apparent, if such a break as plaintiff claims had recently occurred.    But no one testified to any repairs,

or to any appearance of them, except the plaintiff himself, who did not see it until the next Monday. For the reasons above stated, the judgment must be reversed.

Judgment and order reversed on the facts, and a new trial granted; costs to abide the event. '

LANDON, J., dissents.