## I. & G. N. R'Y Co. v. KATE McCARTHY.

(Case No. 1706.)

1. NEGLIGENCE.— Though a railway company must furnish proper machinery, tools and implements to those who perform service for it in operating its road, it is not regarded by the law as an insurer that no injury will result to its employees in their use, but will generally be liable only if injury results when it has failed to exercise reasonable care in their selection. If the implement or machine be one, the danger from using which is apparent, and which does not result from any latent defect, the machine itself being in general use, easy to understand, and requiring but little skill or practice to operate it, one injured in operating it will not be heard to complain that he was not informed of its construction or the danger of using it.

2. SAME.— If a railway company furnishes a machine or implement to an employee, the defects of which and the dangers resulting from its use being apparent, and leaves it to the option of such employee whether he will use it or not, and injury results to him from its use, the company will not be liable.

3. SAME — CONTRIBUTORY NEGLIGENCE — FACT CASE.— See opinion for facts under which it was held that a road master who, while operating a new velocipede car, was run over and killed by a railway train, was guilty of contributory negligence.

APPEAL from Smith. Tried below before the Hon. Felix J. McCord.

The appellee filed her original petition in the district court of Smith county, September 7, 1880, against appellant, alleging that appellant, by its servants, on December 16, 1879, negligently and carelessly, and wilfully and by gross negligence and carelessness, caused the death of Charles McCarthy, husband of appellee, without fault of his; that appellant gave to deceased, who was then and there the employee and servant of appellant, holding the position of road master, a new velocipede hand-car to use; that the car was a new, complicated and dangerous machine, and it greatly increased the peril of deceased in the performance of his duties; that the car had defects which could not be known by the use of ordinary diligence and care on the part of deceased, but could be or ought to have been known by appellant, by the use of ordinary care and diligence on its part; that while riding this car and performing his duty, the servants of appellant in charge of a train of cars run over and killed deceased; that said servants were guilty of negligence in handling said train, and after they saw deceased could have stopped the train and averted the death of deceased; that the death was caused by the negligence and gross carelessness of appellant, and lays her damages at $50,000. Appellee, on 27th February, 1883,

filed her trial amendment, averring special grounds for actual damages, and lays her actual damages at $20,000, and abandons at the trial all claim to exemplary damages. Appellant filed its first original amended answer March 3, 1881, which demurs generally and specially, a general denial is interposed, and answers that deceased was road master on defendant's railroad, an intelligent man, and had charge and knowledge of the road where he lost his life; that he was actually killed, if at all, by train No. 9, of appellant, in charge of its servants, and if any negligence existed it was the negligence of the fellow-servants of deceased, and not that of appellant, and appellee could not recover therefor; that deceased was himself guilty of contributory negligence; that being warned of the danger of the approaching train, No. 9, yet he took the velocipede hand-car *at his option*, which was simple, easily understood by him, and open to be seen, without defect, and rode into a deep cut which had a sharp curve and was down grade for the train approaching, and, with a full knowledge of the track and the approaching train, by his negligence met the train and it ran over him in the aforesaid deep cut, and by these acts he was guilty of negligence and brought about his own death. Also that deceased was subject to vertigo or fits, and became overheated and fell off of his hand-car and was either unconscious or dead and lying on the track of appellant when run over, and this was negligence on the part of deceased. Exceptions were filed to appellee's trial amendment on 27th February, 1883. On 22d September, 1881, a trial was had and verdict and judgment for appellee for $10,000 actual damages, and on motion the same were set aside and new trial awarded. On March 3, 1883, a second trial was had and verdict and judgment for appellee for $7,650, and on motion same set aside and new trial awarded. And on 29th day of August, 1884, a third trial was had and resulted in a verdict and judgment for appellee of $6,000. From that judgment this appeal was taken.

The court charged in effect that if the defendant company, by its negligence in furnishing McCarthy a dangerous machine, caused his death, then the company would be liable even though the negligence of another employee helped to cause the death.

On the trial appellant asked the following charge which was refused:

"It is alleged that the velocipede hand-car which was given the deceased, Charles McCarthy, by defendant to use was a new, unsafe machine, and had latent defects which were known or might have been known with reasonable diligence by defendant, but which were not known, and could not, by the use of ordinary care, have been

ascertained by deceased; and by reason of the said defective veloci-pede hand-car, the said deceased was thrown from said car and lost his life by a passing train of defendant running over him; you will look to all the evidence and ascertain, first, if the deceased lost his life by reason of defects in the velocipede hand-car. You will then inquire what such defects were, and if the defects, if any exist, were latent, such as were known or might have been known by de-fendant by the use of ordinary diligence, and if the same were unknown by deceased, and could not be known by him with ordi-nary care; and if said machine was given to deceased by the mas-ter to use without explanation, and he was required to use the same on defendant's road, the defendant would be liable to the plaintiff for such actual damages as she has sustained under the instructions herein given.

"But if you should find from the evidence before you that the deceased, who it is admitted was road master of defendant, was not injured by the velocipede hand-car *itself*, but by something else; or that said machine did not have latent and concealed defects that rendered it unsafe; or that deceased was not required to use said machine, *but used it at his option;* or that deceased contributed by his own carelessness and negligence to bring about the result that occurred, you will return a verdict for defendant.

"And to enable you to find the truth of this issue of contributory negligence, you may look to the age, experience, intelligence and service of deceased as a railroad man, also to the duties of deceased, if the same led him to know the track, curves, cuts, embank-ments, bridges and crossings on said railroad at and near where the accident occurred, as well as the schedule of all trains on said part of the road; also to the declarations of deceased just before the accident, touching his meeting train No. 9, then approaching him; and from all these facts, and such others as may exist, you will con-sider if an ordinarily prudent man would have run said velocipede hand-car under the circumstances toward said train until the same was met; and if you find that an ordinarily prudent man would not have placed himself on said velocipede hand-car at the place and time where the accident occurred, then it was contributory negli-gence in deceased to do so. And if you believe, from all the evi-dence, that deceased was not in fact injured by the velocipede; that it did not possess latent defects; that deceased used said machine at his own option, or that deceased was not free from fault, but con-tributed, by his own negligence, to produce the result that did occur, then the plaintiff cannot recover, and you will find for the defendant."

*W. S. Herndon*, for appellant, for error in refusing the charge set forth in the statement of the case, cited: Railroad Co. *v.* McNamara, 59 Tex., 255; Railroad Co. *v.* Lempe, id., 19; Railroad Co. *v.* Clemmons, 55 Tex., 88; id., 110; Railroad Co. *v.* Dyde, 11 Am. & Eng. R. R. Cases, 188; Railroad Co. *v.* Walsh, 2 Am. & Eng. R. R. Cases, 144; Railroad Co. *v.* Oram, 49 Tex., 341; Railroad Co. *v.* Fowler, 56 Tex., 452; Tex. L. Rev., vol. 4, p. 57; vol. 5, Am. & Eng. R. R. Cases, note on p. 504; id., p. 508; 4 Am. & Eng. R. R. Cases, p. 638; id., p. 651.

On contributory negligence, he cited: American Law Register, Feb., 1883, p. 126, with full brief of cases cited; Railroad Co. *v.* Pecay, Am. & Eng. R. R. Cases, vol. 11, part 2, p. 260; S. C., Ohio, Jan., 1883, Railway Co. *v.* Depew, Weekly Cincinnati Law Review, p. 329; Railway Co. *v.* Smith, 52 Tex., 179; 54 Tex., 615; 57 Tex., 75.

*Horace Chilton*, for appellee, that the court's charge was correct, cited: Shearm. & Redf. on Negligence, § 89; Thomp. on Negligence, vol. 2, p. 981; Pierce on Railroads, p. 379; Grand Trunk R'y *v.* Cummings, 106 U. S., 700; Stetler *v.* Chicago R. R., 46 Wis., 497 (29 Am., 102); Cayzer *v.* Taylor, 10 Gray, 274.

WATTS, J. COM. APP.— There are but two questions presented by the record which require consideration. One, and the principal ground upon which appellee's right to a recovery was based, was that the company had been negligent in furnishing to McCarthy a dangerous and defective machine to be used by him in the discharge of his duty as road master, the defects and dangers of which were known to the company, or ought to have been known by the exercise of due diligence, but were not known to McCarthy, nor could have been known by the exercise of reasonable care on his part.

With reference to the duty of the employer in furnishing instrumentalities to be used by the employee, the authorities all agree that the former is bound to exercise reasonable care in the choice or selection of such instrumentalities, and as between them the former is not an insurer. If reasonable care has been exercised in making the selection, the employer will not be held liable for a mistake in judgment. Wood on Master & Servant, secs. 344 and 345; Thompson on Negligence, vol. 2, pp. 270, 272; Pierce on Railroads, 370.

These general rules may be subject to certain exceptions, but they need not be noticed in this connection.

It appears that the velocipede hand-car was then a new ma-

chine, which had been in use elsewhere, but was then being intro-duced on railroads in this state, and the one furnished McCarthy seems to have been the first used upon appellant's line. And while one or two of the witnesses used loose and unguarded ex-pressions about defects in the construction of the machine, still it sufficiently appears that they did not mean to convey the idea that these were defects that could not be readily seen in its construction, but that the danger from its use arose from the nature and character of the machine, and not from any latent defect in the material of which or the manner in which it was made. It appears that no improvement has since been made in the construction of the car, and that it is now in general use upon railroads.

Nor is the position maintainable that it is a complicated machine and hard to understand. Considering the testimony in connection with the cuts sent up with the record, it clearly appears to be very simple in construction, requiring little practice and more care in learning to operate it.

And it may be assumed from the record that all the dangers at-tending the use of the machine were open and patent, and could be as easily seen by McCarthy as the company. Such being the case, he could not be heard to complain that he was not informed of mat-ters open and to be seen alike by all. H. & T. C. R'y Co. v. Conrad, decided at this term; G., H. & S. A. R'y Co. v. Drew, 59 Tex., 10; G., H. & S. A. R'y Co. v. Lempe, 59 Tex., 19.

Aside from that view of the case, it appears that it was optional with McCarthy whether he used the car or not. The only evidence upon that issue was this statement of the witness Herrin, who, in speaking of the car, said: "The I. & G. N. R. R. Co. received it, and it was put together here at Palestine, and was sent to McCarthy at Jacksonville to be used by him at his option." It should be re-membered that McCarthy at the time occupied the important posi-tion of road master or supervisor, having charge of the road-bed, etc., from Palestine to Longview. He was not a common laborer whose duty was confined to a particular shop, point or section, working under the immediate eye and control of some boss. On the con-trary, his duties extended along a considerable portion of the line, and appear to have been of very considerable importance both in their nature and extent, including some supervision and control of all section bosses and hands on that part of the line.

Now there is no fact or circumstance shown by the record which tends in the slightest degree to militate against the truth of the state-ment made by Herrin, that it was optional with McCarthy whether

he did or not use the car.   And there is nothing in the circumstances indicating that his position and the importance of his duties did not entitle him to the exercise of some discretion in reference to the mode by which he would travel along the line in the discharge of such duties.

The court correctly charged the jury that if it was optional with McCarthy whether he used the car or not, that then the company would not be liable.

To arrive at the verdict returned under that charge, the jury ignored and arbitrarily disregarded the uncontradicted statements of an unimpeached witness, who testified by deposition, and against whose veracity not even a suspicion is raised by the record.   Obviously the finding in that particular was against the evidence.

In the next place it is claimed by appellant that the finding on the issue of contributory negligence is not supported by but is against the evidence.   There can be no question but that if McCarthy materially contributed to his death by his own negligence, then no recovery can be had against appellant in this case.   In this connection it should be remarked that certain facts relating to that issue are fully established by the evidence.   From the other evidence in the record, and the position occupied by McCarthy, it may be answered that he was well acquainted with the road-bed, embankments, cuts, curves and grades on that part of the line between Palestine and Longview.   It was his duty to inspect the road-bed, and see that it was kept in good condition.   And in the discharge of that duty it seems that he very frequently passed over that portion of the line.   The evidence also shows that the schedule time of the various trains was known to him, and that before he left Troupe on his tour of inspection, which terminated in his death, he was informed that freight train number nine (9) was then pulling out from Overton and was coming in the direction of Troupe, and it appears that there was no telegraph office between these stations.

Thus, being fully informed as to the condition of the road-bed, embankments, cuts and curves, and also that the train was then *en route* between the two stations, the undisputed, and it seems the indisputable, fact exists, that under these circumstances he voluntarily rode into a cut, where, if the approaching train, if near, would be running on a down grade, and, on account of a curve, those operating the train could not be expected to see him in time to check or stop the train so as to avoid inflicting injury upon him.   It does not appear that those operating the train had any reason whatever to expect that McCarthy would then be upon that portion of the

line, under such circumstances as exposed him to extraordinary peril. They were, it seems, ignorant of his approach upon the velocipede hand-car, which weighed about one hundred pounds, while he knew that they were coming, propelled by a ponderous engine weighing many tons, and, when toiling at the head of a long freight train, not always subject to prompt control.

While he was not a trespasser upon the track, still he was there under such circumstances that a prudential regard for his personal safety would have suggested the exercise upon his part of a degree of care or prudence commensurate with the risk then being incurred.

There is not one single circumstance developed by the record that in the remotest degree tends to break the force of the overwhelming and inevitable conclusion that McCarthy, in going into the cut at the time and under the circumstances, was guilty of culpable negligence, which, if not the main cause, certainly contributed directly to his death.

Hence as to this issue the verdict is clearly wrong; not only not sustained by but against the evidence.

Our conclusion is that the judgment ought to be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion adopted December 18, 1884.] *

* Neither the record nor opinion in this case was procured by the reporter until December, 1885.