EDWARD REYNOLDS *vs.* MERCHANTS' WOOLEN COMPANY.

Suffolk.   March 23, 1897. — May 22, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Personal Injuries — Negligence — Instructions — Liability of Employer for Bursting of Machine purchased of Reputable Maker.*

In an action for personal injuries occasioned to the plaintiff by the flying apart of the cylinder of a dusting machine in use in the mill where he was employed, he has no ground of exception to an instruction to the jury that the procuring of machinery by mill-owners of a reputable maker meets the standard of ordinary care, and that it is not negligence on the part of an employer to place in his mill, and, after proper inspection, to use, machinery so bought.

TORT, for personal injuries occasioned to the plaintiff by the flying apart of the cylinder of a dusting machine in use in the mill where he was employed.   The declaration contained two counts, one at common law, and the other under the employers' liability act, St. 1887, c. 270.

At the trial in the Superior Court, before *Blodgett,* J., the jury

returned a verdict for the defendant; and the plaintiff alleged exceptions, the nature of which appears in the opinion.

*E. B. Callender*, for the plaintiff, submitted the case on a brief.

*J. Lowell, Jr.*, for the defendant.

BARKER, J.  It is conceded that the plaintiff was in the exercise of due care.  The machine had been recently purchased of a reputable manufacturer of machinery.  It had no iron bands around its cylinder, and such bands would have tended to keep it from bursting, and were in use on other dusting machines in the mill.  There was also evidence tending to show that the cause of the accident was the existence of blow holes in the iron arms which formed part of the cylinder, and that no inspection could have detected the presence of the blow holes.

The only exception argued upon the plaintiff's brief was one taken at the conclusion of the charge, and was then stated by counsel to be " to the part of the charge which related to the statement by the court that of itself the fact of any accident after the machine was set to work was not of itself evidence of negligence."  The bill of exceptions shows that no statement was made by the court that the fact of the accident was not of itself evidence of negligence.  We suppose, therefore, that the exception was intended to be directed to that part of the charge in which the court, after stating that the fact that the machine broke down was competent evidence to show that it was in a defective condition, so that it could not safely be used for the purposes for which it was brought into the mill, continued in these words : " But it does not of itself show that the plaintiff can maintain this action against this corporation.  There must have been the injury, of course, or the action cannot be maintained, but you are not, as matter of law, justified in finding, because this machine put into this mill, it is now conceded, within a comparatively short time, two or three weeks, broke down when it was being used in the way it was intended it should be used, of itself shows such a condition of things as to subject this corporation to liability in damages.  And you will see why that is so when you come to consider what the rule of law is upon which the plaintiff relies in support of this action, and within which he must bring himself."  Then, after stating

that the plaintiff as an employee assumed certain risks, and that the law imposed upon the defendant as his employer certain duties, the only one of which the jury needed to consider " was the duty of using reasonable care to provide suitable machinery with which and upon which the plaintiff, if himself careful, might work in safety," and that to maintain the action the plaintiff must show that there was a failure on the part of the defendant in the performance of the duty to use reasonable care to provide suitable machinery, and must show that it did not use reasonable care to provide this particular machine, the charge continued : " It cannot be said, as matter of law, that this corporation would be responsible for the failure to use proper care on the part of the manufacturer of the machine. It is not true that this corporation was required to manufacture all the . . . different kinds of machinery used in an establishment of this sort. It .may go into the market and buy its machinery, and if a machine is bought of a reputable maker, in other words, if reasonable care is used in selecting the maker, and then reasonable care is used upon the delivery of a machine, in inspecting it, in setting it up, in putting it in operation, it cannot be said that the defendant, or an employer, would be liable in such a case, although it might clearly appear later on, that the maker of that machine was careless, and put in improper materials, or did imperfect and improper work. The law does not make the employer an insurer of the safety of his machines, nor a guarantor that due care shall be used by the manufacturer. It does require, however, that he shall use reasonable care to provide proper machinery."

This statement was clear, correct in law, and adapted to the situation of the case. Machinery used in textile manufacturing is ordinarily built and furnished by persons whose business it is to make machinery, and who, if reputable makers, are more likely to turn out safe products than men whose chief skill and thought are developed in some other line of work. Mill-owners usually procure their machines of reputable makers. Such conduct meets the standard of ordinary care, and it is not negligence on the part of an employer to place in his mill, and, after proper inspection, to use machinery so bought. *Shea* v. *Wellington*, 163 Mass. 364. *Losee* v. *Buchanan*, 51 N. Y. 476, 493. *Carlson* v.

*Phœnix Bridge Co.* 132 N. Y. 273.   *Ballard* v. *Hitchcock Manuf. Co.* 51 Hun, 188.   *Grand Rapids & Indiana Railroad* v. *Huntley,* 38 Mich. 537, 546.   *Morton* v. *Detroit, Bay City, & Alpena Railroad,* 81 Mich. 423, 433.   *Ardesco Oil Co.* v. *Gilson,* 63 Penn. St. 146.   *Mansfield Coal & Coke Co.* v. *McEnery,* 91 Penn. St. 185.   See also *Ingalls* v. *Bills,* 9 Met. 1; *Littlejohn* v. *Fitchburg Railroad,* 148 Mass. 478, 481; *Richardson* v. *Great Eastern Railway,* 1 C. P. D. 342; *Readhead* v. *Midland Railway,* L. R. 4 Q. B. 379; *Boswell* v. *Laird,* 8 Cal. 469.

The plaintiff especially relies upon *White* v. *Boston & Albany Railroad,* 144 Mass. 404, and *Moynihan* v. *Hills Co.* 146 Mass. 586. The first of these cases was an action against a common carrier of passengers, where the defendant was under a different obligation from that of an employer. In the second, the machine, although bought originally of a manufacturer, had been reconstructed by the defendant itself; and the statement that the fact that the defendant was using it in its business when it broke, if left unexplained, was some evidence of negligence, must be taken with the fact that the machine as used had been reconstructed by the defendant. In the present case, the recent purchase of the machine of a reputable maker was itself an explanation which the jury might find sufficient to show that the defendant was not negligent in putting it in use, and which justified the ruling that the accident did not of itself show that the plaintiff could maintain the action. See *Duffy* v. *Upton,* 113 Mass. 544, 548; *Le Barron* v. *East Boston Ferry Co.* 11 Allen, 312, 316; *Losee* v. *Buchanan,* 51 N. Y. 476 ; *Dobbins* v. *Brown,* 119 N. Y. 188; *Cosulich* v. *Standard Oil Co.* 122 N. Y. 118; *Reiss* v. *New York Steam Co.* 128 N. Y. 103.

The happening of the accident was consistent with due care on the part of the defendant, and the jury were therefore properly instructed that it did not of itself show that the plaintiff could maintain the action.

*Exceptions overruled.*