## MISSOURI, KANSAS & TEXAS RAILWAY COMPANY OF TEXAS v. T. L. BLACKMAN.

Decided April 8, 1903.

**1.—Master and Servant—Defective Hand Car—Charge.**

Where, in an action by a section foreman for injuries from the derailment of a hand car, plaintiff alleged that defendant, in violation of its duty to him, furnished for his use a hand car which was defective in that one of its axles was bent, by reason of which he was injured, and the evidence justified the conclusion that the axle was bent at the time the car was furnished to plaintiff, and so continued until the accident resulting therefrom, a charge submitting the condition of the car when furnished was not erroneous as inapplicable to the pleadings and evidence on the ground that the only issue was as to the condition of the car at the time of the accident.

**2.—Same—Assumed Risk—Hand Car—Section Foreman.**

Plaintiff having no knowledge of the defect in the hand car, which was neither open nor obvious to common observation, but was discoverable only by upsetting the car and applying a straight edge to the axle, and the derailment of the car not being such an accident as was naturally incident to plaintiff's employment as foreman, he did not assume the risk thereof.

**3.—Same—Inspection.**

Plaintiff was not, in the absence of a contract imposing the duty of inspection on him, bound to inspect the hand car furnished him for use as section foreman.

**4.—Same—Charge—Inspection.**

The evidence showing that it was the duty of the roadmaster to inspect the hand car, a charge that if it was plaintiff's duty to inspect the car and he failed to do so, and such failure contributed to his injury, he could not recover, was in defendant's favor, and there was no error in the court's refusal to charge that if it was plaintiff's duty to keep himself informed of the condition of the hand car he assumed the risk of any defect in it arising after it came into his charge.

Appeal from the District Court of Hunt. Tried below before Hon. T. D. Montrose.

*Perkins & Craddock* and *T. S. Miller,* for appellant.

*Robt. F. Spearman* and *Evans & Elder,* for appellee.

NEILL, ASSOCIATE JUSTICE.—The appellee sued appellant to recover damages alleged to have been caused by the negligence of the railroad company in furnishing him, while in its employ as a section foreman, a hand car with a bent and defective axle, which caused the derailment of the car while he was riding thereon in the pursuance of his employment, and the infliction upon him of serious and permanent injuries.

The appellant answered by a general denial and by special pleas, the substance of which are as follows:

1. That if the axle of the hand car was bent, appellee, when the accident happened, was, and had been for some months prior thereto, in charge and control of the hand car, using it daily in going to and from his work as one of the implements of his employment; that it was his special duty as section foreman to see and know its condition, and to know whether it was reasonably safe for use; and if it became out of repair or unsafe, to report the fact to his superior officer, in order that it might be repaired. That he either knew the axle of the car was bent or had failed to perform his duty while the car was in his charge and control to examine and report the condition of the same, and that he assumed the risk of using it at the time and place of the injury and was guilty of negligence contributing to his injury in using it at such time and place.

2. That at the time and place of the injury appellee was sitting upon the front end of the car and riding there in violation of the rules and regulations of the company, which forbade section men sitting down

while riding upon its hand cars, and that if he was injured, the injury occurred while he was knowingly violating such rules and regulations.

3. That if appellee was injured as alleged, and his leg broken and hernia produced, he, after receiving such injuries, failed and neglected to have the same treated by a competent physician or surgeon; that if he had consulted a competent physician or surgeon and submitted himself to treatment for his injuries, the same would have been cured and relieved, and but for his negligence in that regard he would not now, if he sustained any injuries at all, be suffering from the injuries of which he complains.

The case was tried before a jury, and the trial resulted in a judgment in favor of the appellee for $6000.

*Conclusions of Fact.*—On the 4th day of April, 1900, appellee was in the employment of appellant as a section foreman, and in going to his work was seated on the front of a hand car, furnished him for use in his employment by appellant. While riding on the car in that position, and in the exercise of ordinary care for his safety, the car was derailed, he was thrown therefrom to the ground, ran against and upon by the hand car, and thereby seriously and permanently injured. In furnishing the car to appellee for use in his employment, the appellant failed to exercise ordinary care in selecting one reasonably safe and suitable for such use, in that an axle of the car furnished was bent and defective, which condition of the axle rendered the car unsafe for the use for which it was furnished and put to by the appellee. The bent axle caused the derailment of the car. And the negligence of the appellant in failing to exercise ordinary care to furnish appellee a car reasonably safe for the purpose of its use in his employment and in furnishing one with a bent axle was the proximate cause of his injuries. The defect in the car which caused the derailment was not known to the appellee, nor would he in the ordinary discharge of his duties have necessarily acquired knowledge of such defect. There is no evidence tending to show that the duty of inspecting and ascertaining the condition of the hand car was imposed upon the appellee by his contract of employment.

The appellee was guilty of no negligence proximately contributing to or aggravating his injuries.

*Conclusions of Law.*—1. This paragraph of the court's charge,—"It is the duty of a railway company, to exercise ordinary care to furnish its servants and employes reasonably safe and suitable machinery and appliances with which to perform the duties required of them; and when a person enters the employment of a railroad company, he has the right to rely upon the assumption that the machinery and appliances with which he is called upon to work are reasonably safe, and he is not required to use ordinary care to see whether this has been done or not, and he does not assume the risk arising from the failure of the railroad

company to do its duty (if there is a failure), unless he knows of the failure and the attendant risk, or in the ordinary discharge of his own duty must necessarily have acquired such knowledge; or unless, by the terms or nature of his employment, it is made the duty of such person to inspect the machinery and appliances with which he is called upon to work, and he has failed to make such inspection,"—which is the subject of appellant's first assignment of error, correctly announces the abstract principles of law, pertaining to the phase of the case to which it relates, made by the pleadings and the evidence. Missouri K. & T. Ry. Co. v. Hannig, 91 Texas, 347; Texas & N. O. Ry. Co. v. Bingle, 91 Texas, 287; Texas & P. Ry. Co. v. O'Fiel, 78 Texas, 486; Railway Co. v. Englehorn, 62 S. W. Rep., 561; Railway Co. v. Winton, 66 S. W. Rep., 481; Railway Co. v. Davis, 27 Texas Civ. App., 279, 65 S. W. Rep., 217. In fact, it seems to be conceded by appellant's counsel in their brief that this portion of the charge is abstractly correct. But they contend that it is inapplicable to the pleadings and facts, in that it submits to the jury the relative duties of appellee and appellant in respect to the hand car at the time the former entered the latter's employment, when there is no evidence of any defect in it at the time it was furnished the appellee and placed under his management and control, while the issues made by the pleadings and evidence were as to the condition of the car at the time of the accident, and the relative duties of the parties in respect thereto at that time.

The allegations of appellee in respect to appellant's duty to him in regard to the hand car and as to its condition are substantially as follows: It was the duty of defendant to plaintiff to furnish him with a hand car that was reasonably safe, but that in disregard of this duty the defendant negligently furnished him one that was defective and unsafe in that one of its axles was bent, which defect was known, or could have been known by the exercise of ordinary care and diligence, by the defendant at the time; and that by reason of the defect of the axle of the car, while it was being used by plaintiff, in the discharge of his duties, it left the track and caused the injury complained of.

It seems to us that these allegations relate to the condition of the car at the time it was furnished to the appellee, as well as to its condition at the time of the accident. In other words, if the allegations are true, the defect which caused the derailment existed in the car when appellant furnished it to the appellee to be used as an instrument of his employment. There is no allegation on the part either of appellee or appellant that such defect occurred after the car was placed in the hands of the appellee for his use by the appellant.

While the evidence is circumstantial, a careful consideration of it has led us to the conclusion that it is reasonably sufficient to warrant the jury in finding that the axle of the hand car was bent when it was furnished by appellant to the appellee, and such defect in it continued from that time until the occurrence of the derailment, which was caused by it. If, then, we are correct in the construction thus given the plead-

ings and in the conclusion deduced from the evidence, it follows that the objections urged to that part of the charge now under consideration are untenable.

2. The next succeeding paragraph of the charge, which simply applies the principles enunciated in the one quoted to the case made by the pleadings and evidence, is complained of by the second assignment of error upon similar grounds. If we are correct in the disposition of the assignment just considered, it follows that this one must be disposed of in the same way.

3. The basis of the third assignment of error is the refusal of the court to give, at appellants' instance, the following charge: "The plaintiff assumed the risks of such accidents as were naturally and ordinarily incident to the character of his employment, as well as such risks as were open and obvious to common observation. If you believe from the evidence that it was his duty, after the hand car was placed in his charge and control, to keep himself advised of its condition, he then also assumed the risks of any accident resulting from a defect, if any, in the hand car arising after it came under his charge and control. So in this case if you believe the hand car had a bent axle and that such bent axle was open and obvious to common observation; or if you believe from the evidence that it was the plaintiff's duty to keep himself informed or advised of the condition of the car; and if you further believe that such bent axle arose after the car was placed in his control, and that the same caused the wreck of the car, then in either case you will find for the defendant."

We do not think the doctrine that a servant assumes the risks of such accidents as are ordinarily and naturally incident to the character of his employment, can be correctly applied to this case. There is no evidence in the record tending to show that the derailment of a hand car is such an accident as is ordinarily and naturally incident to the character of the employment of a section foreman; nor was such defense plead. On the contrary it was plead and proved that the accident was proximately caused by a defective axle of the hand car. Nor was there any evidence of any "such risks incident to appellee's employment as were open and obvious to common observation." The undisputed evidence is that the defect was unknown to appellee, and was not open and obvious to common observation. It was only discoverable by turning the hand car upside down and applying a straight edge to the axle, which was not done until after the occurrence of the accident, which indicated that there was a defect somewhere. It was neither plead nor shown that by the terms or nature of appellee's employment it was his duty to inspect the machinery and appliances furnished him by the appellant for the purpose of performing the duties of his employment. In the absence of a contract imposing such duty upon him, it can not be said as a matter of law that it rests upon a section foreman, from the very nature of his employment, to inspect the implements furnished him by his master with which to do his work. Ordinarily the duty of

inspection is one personal to the master, and he can not, even by contract, shift the burden from himself upon the shoulders of his servant. Whether after a railroad company has furnished the foreman of a section gang a hand car it can by contract make him its vice-principal for the purpose of inspecting such instrument of his employment, we are not called upon in this case to say. It is sufficient that there is no evidence in this case that tends to show that appellee contracted with appellant to perform any such duty. It seems from the evidence that it was made the duty of appellant's roadmaster to inspect hand cars, and that he inspected them frequently and as often as he had time. But the court did not instruct the jury that if they believed from the evidence it was the duty of plaintiff to have inspected his hand car and to have found out its condition, and if they should find that he failed to make such inspection, and that such failure caused or contributed to his injury to find for the defendant.

The charge of the court fully and fairly presented the law of the case made by the pleadings and evidence, and if erroneous in any respect, it was in going beyond the pleadings and evidence to submit matters upon which the jury could find for the defendant. Therefore the court did not err in refusing to give the special charge above quoted, nor in refusing any of the other special instructions requested by the appellant.

There is no error in the judgment and it is affirmed.

*Affirmed.*

Writ of error refused.