J. H. Seery v. Gulf, Colorado & Santa Fe Railway Company.

Decided December 19, 1903.

**1.—Railroads—Fellow Servants Law—"Operating Car."**

A railroad section foreman and his hands engaged in using a push car to convey ballast along the track for repairing it are "engaged in operating a car" within the meaning of the fellow servants act making railway companies liable for injuries resulting from the negligence of a fellow servant. Sayles' Civ. Stats., art. 4560f.

**2.—Same.**

It was immaterial that at the time of the injury the push car was beside the track and stationary, where the injury occurred in an attempt to put it on the track for use in conveying ballast.

**3.—Same—Negligence.**

Where the negligence upon which plaintiff sought recovery lay in the fact that the feet of the men assisting him in placing the push car on the track slipped, thereby causing the car to fall and run back on him, and there was no evidence that the men failed to exercise ordinary care in placing their feet, the court properly instructed a verdict for defendant.

**4.—Same—Track Foreman—Negligence—Assumed Risks.**

The railway company was not negligent in failing to notify plaintiff of the weight of the push car furnished him, where plaintiff was an experienced track foreman, familiar with the use of push cars, and the size, construction and material of the car furnished him were open to his observation, and his injuries must be held the result of risks naturally and ordinarily incident to his employment.

Appeal from the District Court of Hunt. Tried below before Hon. T. D. Montrose, Special Judge.

*Evans & Elder,* for appellant.

*J. W. Terry* and *Perkins, Craddock & Wall,* for appellee.

TALBOT, Associate Justice.—Appellant Seery brought his action against the Gulf, Colorado & Santa Fe Railway Company to recover damages for personal injuries alleged to have been received by him through appellee's negligence. A jury was called and impaneled to try the case, and when the evidence closed the court instructed the jury to return a verdict in favor of the defendant, which was accordingly done and judgment entered thereon.

Appellant alleged substantially, among other things, that at the time he was injured he was employed by appellee as section foreman, and had been directed by the roadmaster to repair a defective place in the railroad track discovered on that portion of the same which appellant's duties required him to work. That he was furnished a push car with which to convey over appellee's railroad track, ballast to be used in performing the service required of him. The acts of negligence alleged are: "The failure of the defendant to furnish a sufficient number of persons to handle the push car; that they were engaged in the work of operating a car, and plaintiff was injured by the negligence of one of the section men in this, by failing to use ordinary care and caution in lifting said car, or by failing to sustain and hold said car while assisting in lifting the

same, or by negligently permitting the same to fall, or by turning the same loose when he knew or could have known that plaintiff was assisting in holding up and lifting the car and would likely be injured if the same was turned loose or permitted to fall."

There is but one assignment of error presented, which is as follows: "The court erred in sustaining the motion for a peremptory instruction, and in giving the charge instructing the jury to return a verdict for the defendant, and in overruling the plaintiff's first amended motion for a new trial, for the reasons: Because the undisputed testimony established the liability of the defendant on two causes of action alleged by the plaintiff in this: plaintiff alleged that at the time he was injured he and three other persons were engaged in the work of operating a car; and that by reason of the negligence of one of the men, who negligently turned the car loose, plaintiff was injured by the car running against him; or that the defendant negligently and carelessly failed to furnish a sufficient number of employes to handle said car.

"That while trying to place said car on the track, and without the knowledge of its weight, and not ever having an opportunity to acquire such knowledge, one of the employes turned loose his hold because of the excessive weight of the same, thereby letting the car run against plaintiff and injuring him. And if plaintiff knew of the weight of said car, or was chargeable with the knowledge of such weight, then that they undertook to handle such car under stress of great emergency to prevent the destruction of life and property, and under circumstances not admitting of deliberation."

Plaintiff was section foreman over that portion of the railroad track which he was endeavoring to repair, with authority to command and direct the men under his control. When injured, he and three men subject to his orders were attempting to put the push car, which had been furnished him by appellee, on the railroad track, to convey some ballast or other material to the point where the track was defective. This, among other things, was the design of this car, and when in use it was operated by being pushed along and over appellee's railroad track, from place to place, by the men in charge thereof, as their work required; and when not in use or when passenger or freight trains approached, was removed from the track to permit them to pass. At the time appellant was hurt there was no superior officer present, and he was in charge of and directing the work in which he and the men under his control were engaged.

That the push car was a car within the meaning of article 456 of Sayles' Revised Statutes, and that the appellant and those employed with him were engaged in the work of operating the car, we believe has been definitely settled. Texas & P. Ry. Co. v. Webb, 31 Texas Civ. App., —, 72 S. W. Rep., 1044; 7 Texas Ct. Rep., 34. A distinction has been drawn between the Webb case, supra, and the case of Lakey v. Texas & P. Ry. Co., 32 Texas Civ. App., —, 72 S. W. Rep., 566, by Chief Justice Garrett of the Galveston court, who delivered the opinion

in the latter case. The distinction is based upon the difference in the work in which the men were engaged. The facts of the respective cases are substantially stated in the opinion in Lakey's case, as follows: "Webb and a fellow servant, Greathouse, were engaged in loading stone at a quarry on a push car, which, when loaded, they ran down an inclined switch track to a rock crusher. Their duty was to load the car, mount and start it and control its movements by brakes, and after unloading it at the rock crusher, to push it back to the quarry for another load. While they were loading the car Greathouse negligently threw a stone on Webb's foot and injured it." In Lakey's case, "the men were laying steel in the construction of a railway track. They were not loading, transporting and unloading the rails and for that purpose operating the car, but their work consisted of taking the rails from the car, or unloading them only, so far as the car was concerned; not ending there, however, but ending only with the laying of the rails on the ties and heeling them ready for the spikers."

In commenting upon the facts Judge Garrett says: "In the present case [Lakey case] the men were engaged in track laying, and for convenience in handling, the steel rails were laid on a hand car from which, over a dolly fixed in the front end, they were dragged into place. In Webb's case they were transporting stone, and for that purpose were operating the car." The facts in the case at bar, we think, more nearly approach the facts in Lakey's case. Here appellant and those engaged with him in the work had set about repairing the weak and defective places in appellee's railroad track. In the accomplishment of this work it became necessary to transport ballast to that point. This was to be done by loading the same on the push car, and by the men then pushing the car over the railroad track to the place where the ballast was to be used. The number of trips required to transport the necessary material to repair the track is not shown, but we conclude that appellant and his men were engaged in the operation of a car within the meaning of the statute referred to, at the time he was injured. That the car, at the time appellant was hurt, was off the track is in our opinion of no consequence. In endeavoring to place the car on the track to be used for the purpose stated, the operation of it was begun. The putting of the car off and on the track was contemplated and necessary in the use to which it was being put and an essential step in the operation of it.

It is insisted by appellant that the evidence fairly raises the issues of negligence on the part of appellee in the particulars set out in his assignment of error, and that the court erred in refusing to submit them to the jury. In this contention we do not concur. We have carefully considered the evidence as disclosed by the record, and conclude that the court correctly instructed a verdict for the appellee. The contention of appellant is, in effect, that the push car was heavier than others with which he had worked, and at the time injured was unknown to him; that appellee knew the weight of the car, and was negligent in failing to inform appellant of its weight and in failing to furnish him

a sufficient number of men to safely handle it. That the men assisting in operating and attempting to place the push car on the railroad track negligently permitted the same to fall or run back on him, proximately causing his injury. That this negligence consisted in the slipping of their feet, which caused them to turn the car loose, or in the failure to exercise ordinary care to prevent injury to appellant in lifting and holding said car. We have scrutinized the evidence closely, and unless it can be said that the mere proof of the slipping of the feet of one or both of the men handling the front end of the car, while endeavoring to place it on the track, was negligence, then in our opinion there was no evidence of negligence in this respect, or if any, that it was so slight and wanting in probative force as clearly justified and required the action of the trial court in refusing to submit the issue to the jury. There is no evidence in the record that Talley and Massey, whose feet it is claimed slipped and caused the car to strike appellant, or either of them, failed to exercise ordinary care in stepping or placing their feet. In Joske v. Irvine, 91 Texas, 574, the Supreme Court says: "From a careful examination of the cases it appears (1) that it is the duty of the court to instruct a verdict, though there be slight testimony, if its probative force be so weak that it only raises a mere surmise or suspicion of the existence of the fact sought to be established, such testimony, in legal contemplation, falling short of being 'any evidence;' and (2) that it is the duty of the court to determine whether the testimony has more than that degree of probative force. If it so determines, the law presumes that the jury could not reasonably infer the existence of the alleged fact," and "that there is no room for ordinary minds to differ as to the conclusion to be drawn from it." We believe the rule here announced is applicable to the facts of the case under consideration and establishes the correctness of the trial court's conclusion upon this issue of appellant's case.

The remaining question is, was the appellee negligent in failing to notify appellant of the weight of the push car, and in failing to furnish him a sufficient number of men to handle it. Under the facts in this case we do not believe it can reasonably be said that appellee was negligent in either of these respects, or that the appellant is in a position to insist upon a recovery by reason of such failure on appellee's part, if any. The evidence shows that he was an experienced section foreman, having been engaged in that character of work for many years. He testified: "Have been in the United States over twenty years, during which time I have been a railroad man all the time, all of which time has been devoted to track service. I have been foreman of a section for the last seventeen or eighteen years. I think I understand the business of section foreman. I have always had a hand car while section foreman, and in addition have always had a push car on the section. * * * The particular car with which I was injured was setting down at the bottom of the dump, in plain view. It was not covered up or hidden that morning when we put it on the track. It was set there where a

man could see it, one end of it up tolerably close to the rail and the other down at the bottom of the dump. I could see it just like I see that table setting there; could see the sides of it; could see what kind of wheels it had; could see what kind of handholds it had, and there was nothing hidden about it. I had not had but three men with me since 1st of January, 1900." The rule announced, that the duty devolves upon the master to give caution as to danger where an inexperienced servant enters upon a dangerous service, or where defective machinery is furnished, and the defect is apparent but the danger hidden or remote in its connection with the defect, is not applicable here. The appellant was a vice-principal in the service of appellee; he was thoroughly acquainted with the nature and character of the work in which he was engaged when injured. The size and construction of the push car with which he was at work was open to his observation. The material of which it was constructed was apparent and no part thereof concealed. He had seen his men handle the car on another occasion, although he had not handled it himself, and after appellant was injured it appears the three men under his control by a simple method placed the car on the railroad track. If the car was too heavy to be safely handled by appellant and the men assisting him, which is not admitted, still that fact was known to him before he was hurt, or by the exercise of ordinary care in the discharge of his duties he must necessarily have known it. Eddy v. Rogers, 27 S. W. Rep., 295; Gulf, C. & S. F. Ry. Co. v. Williams, 72 Texas, 159, 163; Texas & P. Ry. Co. v. Bradford, 66 Texas, 732; International & G. N. Ry. Co. v. McCarty, 64 Texas, 632.

The facts of this case do not bring it within the principle of those cases wherein the party suing has been excused from the charge of contributory negligence, because of his efforts to save human life where the danger was imminent. Appellant having assumed the risks naturally and ordinarily incident to his employment, and his injuries being the result of such risk, he was not entitled to recover, and the judgment of the court below is affirmed.

*Affirmed.*