## ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS v. EWING. (No. 112–2967.)

(Commission of Appeals of Texas, Section A. June 2, 1920.)

**1. Master and servant ☞124(3) — Hand car held appliance to be inspected though bought of reputable manufacturer.**

A standard make hand car, purchased by a railroad from a reputable manufacturer and furnished to a section foreman, is not a simple tool or appliance, and its purchase is not the exercise of ordinary care, relieving the railroad of the duty of inspection to ascertain its fitness for use, depending on a proper adjustment of the cogwheels.

**2. Master and servant ☞286(24)—Negligent inspection question for jury.**

.Where there was evidence that the derailment of a standard make hand car purchased of a reputable manufacturer and furnished to plaintiff without inspection was the result of an improper adjustment of its cogwheels, discoverable by a reasonable inspection, a peremptory instruction for defendant railroad was properly refused.

**3. Master and servant ☞103(1)—Duty of inspection nondelegable.**

The master's duty to use ordinary care to furnish reasonably safe appliances includes the duty of inspection, and such duty is nondelegable. .

---

**4. Appeal and error ⬥232(3)—Ground of objection to charge not taken in lower court waived.**

Where ground of objection to a part of the charge was not the ground taken in the trial court, the assigned error, if any, must be considered as waived, under Rev. St. 1911, art. 1971, as amended by Laws 1913, c. 59.

Error to Court of Civil Appeals of Fifth Supreme Judicial District.

Action by J. B. Ewing against the St. Louis Southwestern Railway Company of Texas. A verdict and judgment for plaintiff was affirmed by the Court of Civil Appeals (180 S. W. 300), and writ of error was granted by the Committee of Judges. Affirmed.

E. B. Perkins, of Dallas, and Scott & Ross, of Waco, for plaintiff in error.

B. Q. Evans, of Greenville, R. M. Vaughan, of Hillsboro, and H. O. Bishop, of Hubbard, for defendant in error.

SONFIELD, P. J. J. B. Ewing, plaintiff, brought this action against the St. Louis Southwestern Railway Company of Texas, defendant, to recover damages for personal injuries sustained by him while in the employ of defendant. No question is raised with reference to the pleadings. There was evidence of the following material facts:

Plaintiff was a section foreman in the employ of defendant. He was upon a hand car being operated by the section hands upon and over defendant's tracks. The car was thrown from the track by reason of the improper adjustment of the cogwheels. Being too tightly geared, they were caused to sink too deep in the grooves and to become locked. Through the derailment of the car, plaintiff received the injuries complained of. The hand car weighed between 600 and 700 pounds. It was operated by two cogwheels and a lever. One of the wheels, called the pinion wheel, was attached to the front axle under the body of the car; the other, the bull wheel, was immediately to the rear, and attached to the framework of the car. Only a part of the bull wheel was in view of those operating the car. The hand car was furnished plaintiff when new, 17 days before his injury. It was of a standard make, and purchased by defendant with a number of others in carload lots from a reputable manufacturer. The car came "set up" from the factory, and was delivered to plaintiff in the condition in which it was received from the factory, without any character of inspection by defendant; and there was no evidence of inspection by the manufacturer prior to its shipment from the factory.

Plaintiff had been in the employ of defendant for 6 years, but had used only one new car prior to this one with which he had no trouble. He had worked with hand cars for 26 years, but had no experience such as with the car in question. On several occasions prior to plaintiff's injury, the car in running made a grinding noise, which was attributed by plaintiff to the newness of the car or to the manner of its operation by the section hands. Plaintiff was not a machinist, and it was no part of his duty to inspect the car. He knew the car was tightly geared, but believed this proper, and had no knowledge of any danger from the use of a car thus geared.

A trial to a jury resulted in a verdict and judgment for the plaintiff, which was affirmed by the Court of Civil Appeals. 180 S. W. 300. Writ of error was granted by the Committee of Judges.

[1-3] It is contended by defendant that the hand car in question was a simple tool or appliance; and, being a standard make car, purchased from a reputable manufacturer, and delivered to plaintiff in the condition in which it was received from the factory, defendant will be deemed under the law to have exercised ordinary care in its selection, and thereby absolved from the duty of inspection. Predicated upon this proposition, defendant requested a peremptory instruction in its favor, which was refused; it objected to the fourth paragraph of the court's charge, wherein the jury was instructed that it was the duty of defendant "to have caused said car to be inspected in order to ascertain its condition," and requested an instruction embodying its contention, which was refused.

In support of its contention, defendant cites Gulf, Colorado & Santa Fé Railroad Co. v. Larkin, 98 Tex. 225, 82 S. W. 1026, 1 L. R. A. (N. S.) 944. In that case a lantern was purchased from a reputable manufacturer, and was of a standard make. Larkin was injured by the breaking of the globe of the lantern, while cleaning it. The court held this a simple appliance, and that upon such purchase it was not the duty of the employer to enter into "a minute examination of it to detect some latent defect," or after its delivery to the employé for use, "to inspect the lantern at regular times or at any time thereafter."

In Drake v. San Antonio & Aransas Pass Ry. Co., 99 Tex. 240, 89 S. W. 407, which involved the duty of inspection of a simple tool or appliance, the holding in the Larkin Case was stated to be "that the duty of ordinary care did not require of the master that regular and careful inspection of this simple tool which is essential to such care in relation to more complicated and dangerous machinery and appliances."

We have been cited to no case which has included a car of the character here in question within the class of simple tools and appliances. There have been numerous cases in

---
⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

this state involving injury through defective hand cars, wherein the employer's duty to use ordinary care in furnishing to the employé reasonably safe instrumentalities, including necessary inspection, has been applied; but in none of the cases does it appear that the proposition was advanced that the car was a simple tool or appliance. Among such cases are: G., C. & S. F. Ry. Co. v. Silliphant, 70 Tex. 623, 8 S. W. 673; Railway Co. v. Blackmon, 32 Tex. Civ. App. 200, 74 S. W. 74; Railway Co. v. Browning, 54 Tex. Civ. App. 52, 118 S. W. 245; Railway Co. v. Edmunds (Civ. App.) 26 S. W. 633.

The case of International & Great Northern Railroad Co. v. McCarthy, 64 Tex. 632, cited and relied upon by defendant, is not an authority for the proposition. In that case the injury resulted from the use of a velocipede hand car, then a new appliance not in general use. There was no evidence of defect of any kind or character, and the question of liability for defects and the duty of inspection were not involved. Liability was sought to be imposed on the ground that the car was a dangerous instrumentality, and McCarthy not warned of the dangers attendant upon its operation and use. The court held such dangers open and patent, and as apparent to McCarthy as to the company.

We have hereinbefore briefly described the car furnished plaintiff. Under the evidence, some degree of mechanical skill was necessary to a proper adjustment of the cogwheels and to a knowledge as to whether the adjustment was proper, and as well to an appreciation of the danger incident to its operation with the cogwheels geared too tight or too deep. The mechanism of the car is located under its floor or platform, and defects therein are thus hidden from the view of those operating or using it. While, comparatively speaking, not a complicated or dangerous machine, such car cannot be termed a simple tool or appliance. The defect and danger are not obvious and necessarily apparent to the employé in its use; hence to determine its fitness for use, an inspection is or may be necessary.

The hand car, not a simple tool or appliance, was of standard make, purchased from a reputable manufacturer, and furnished to plaintiff without inspection by defendant. Do these facts establish as a matter of law the exercise of the requisite degree of care by defendant?

The question has not been directly determined by our Supreme Court, and authorities in other jurisdictions are conflicting. The cases are collated in the note 40 L. R. A. (N. S.) 1120.

In Alamo Dressed Beef Co. v. Yeargan, 58 Tex. Civ. App. 92, 123 S. W. 721, in which writ of error was denied, the following proposition was advanced by the appellant:

"The fact of the appliance being of an approved pattern and having been bought from a reputable dealer relieved the defendant of the duty of inspection in the absence of some circumstance which would put a prudent man upon inquiry at the time of the purchase or afterwards."

This proposition is a statement of what has been termed the reputable manufacturer doctrine. The court held the proposition unsound, declaring that "reasonable inspection is imposed by law at all times."

The rule is thoroughly established that the duty of the employer to use ordinary care to furnish reasonably safe tools, machinery, and appliances for use by his employés—which includes inspection, where necessary—is positive and absolute, in the sense that it is nondelegable. The reputable manufacturer doctrine, broadly stated and applied, would effectually destroy the rule, by permitting the delegation of the employer's duty to the manufacturer. In effect, it would in many instances be a denial of any recovery by the employé, for ordinarily, through the absence of the necessary privity, the injured employé would have no right of action against the manufacturer. 3 Labatt's Master and Servant (2d Ed.) § 2786; 18 R. C. L. 564. The rule of the nondelegability of the duty of the employer in this respect is both just and salutary; it is a necessary protection to the employé, and should not be departed from to the extent of its complete abrogation.

An examination of the cases cited as supporting the reputable manufacturer doctrine convinces us that but few of them carry it to the extent contended for by defendant. In the majority of such cases, while the doctrine is broadly stated, it is applied to latent defects, requiring minute and detailed inspection, involving tests such as can and ought to be applied by a manufacturer, and for which many employers are in no manner equipped, as distinguished from defects discoverable by an external or visual inspection, an inspection compatible with the usual conduct of the ordinary business.

We are impressed that the doctrine deducible from such authorities is thus fairly stated by the court in Reynolds v. Merchants' Woolen Co., 168 Mass. 501, 47 N. E. 406:

"If a machine is bought of a reputable maker, in other words, if reasonable care is used in selecting the maker, and then reasonable care was used upon the delivery of a machine, in inspecting it, in setting it up, in putting it in operation it cannot be said that the defendant, or an employer would be liable in such a case, although it might clearly appear later on that the maker of that machine was careless, and put in improper materials, or did imperfect and improper work. The law does not make the employer an insurer of the safety of his machines, nor a guarantor that due care shall be used by the manufacturer. It does require,

however, that he shall use reasonable care to provide proper machinery."

An eminent text-writer approves the above as a correct statement of the doctrine and as marking its true limits. 4 Thompson, Negligence, § 3990.

Applying what we conceive to be the correct rule of law to the facts of this particular case, we conclude that the purchase of a standard make car from a reputable manufacturer did not establish, as a matter of law, the exercise of ordinary care by defendant, relieving it of the duty of inspection. There being evidence that the derailment of the car, and consequent injury to plaintiff was the result of an improper adjustment of the cogwheels, discoverable by a reasonable inspection, the court properly refused the peremptory instruction and the special charge, requested by defendant.

[4] Both in the Court of Civil Appeals and in its application for writ of error herein, defendant under proper assignments of error complains that the court erred in the fourth paragraph of its charge, wherein the jury was instructed that it was the duty of defendant to have caused the car to be inspected to ascertain its condition, contending that the question of the duty of inspection was for the jury. This objection was not taken in the trial court, and under article 1971, R. S. 1911, as amended (Laws 1913, c. 59), the error, if any, must be considered waived. Gulf, Texas & Western Ry. Co. v. Dickey, 108 Tex. 126, 134, 187 S. W. 184.

In the trial court objection was taken to this part of the court's charge, solely upon the ground that through the purchase of a standard make car from a reputable manufacturer, defendant was relieved of the duty of inspection. This objection we have considered. The further objection sought to be raised is not properly before us.

We are of opinion that the judgment of the Court of Civil Appeals should be affirmed.

PHILLIPS, C. J. We approve the judgment recommended in this case.