**HINES, Agent, v. ROSS.    (No. 2412.)**

(Court of Civil Appeals of Texas.    Texarkana.
May 9, 1921.    Rehearing Denied
May 19, 1921.)

**Master and servant ⬅163(1) — Injury from overexertion in closing locomotive ash pan in bad condition held not actionable.**

A railroad was not liable for injuries to a "fire knocker," resulting from overexertion in closing an ash pan, by reason of its negligence in not keeping it in proper repair so that it would work easily, where the employé knew that the pan was out of order and hard to open and close, and was neither directed nor expected to overexert himself by attempting to close the pan himself without aid.

Error from District Court, Hunt County; Wm. Pierson, Judge.

Action by Seaborn J. Ross against Walker D. Hines, Agent of the United States Government. Judgment for plaintiff, and defendant brings error. Reversed and rendered.

McMahan, Jones, & Jones, of Greenville, for plaintiff in error.

B. Q. Evans, of Greenville, for defendant in error.

HODGES, J. This appeal is from a judgment in favor of the defendant in error against the plaintiff in error for damages for personal injuries. The evidence shows that he was employed in the railway service as what is known as a "fire knocker." It was his duty to open and close the ashpans on locomotives while they were standing in the railway yards at Greenville. The ash pan is opened and closed by means of a lever extending out from under the fire box of the engine. On the morning of February 21, 1919, the defendant in error in the performance of his duties attempted to close the ash pan on engine No. 680, which was soon to go out on the road. The pan had been left open by some other employee. The immediate occasion of his injury is thus detailed by the defendant in error:

"Those (meaning the ash pan) that I had closed before this one I had just taken hold of the lever and given one good strong pull and the ash pan would close. When I was down holding this lever preparatory to a pull, I would be in a bent over position, and my right side would be in a careen like. This is a fact because you have to bend over and it is up under the cab and close to the drivers, and you have to get in under it something like this. You have to throw your back in a kind of a twist. When I took hold of that lever that day I gave it a good pull like I would the rest of them, expecting it to close, but it never moved; and right then is when I got my injury, right in my right side; threw all the pull on my right side. The injury went from my right side clean around to the center of my back."

Other testimony showed that this particular ash pan was out of order in some way and was for that reason more difficult to close than the others. The failure to inspect and repair the ash pan is the negligence relied on to support the liability of the plaintiff in error for the injuries sustained.

Plaintiff in error contends that the verdict and the judgment are unsupported by the evidence. The defendant in error testified, in substance, that the work of opening and closing ash pans was heavy. "It takes a good stout pull." "It is a man's job." It sometimes required two of them to close a pan. The fire knockers usually worked in pairs. On this occasion defendant in error could have secured help had he called for it, and he would have done this had he known beforehand that the pan would be so hard to close. He did not remember having closed this particular pan on any former occasion. He opened and closed ash pans on from four to ten engines a day. The defendant in error was a young man about 22 years of age. Another witness offered by him testified that the pan on this engine had been out of order and hard to open and close for three or four days, and that both he and the defendant in error knew of that fact. He stated on redirect examination:

"I cannot say positively when it was the plaintiff and I last closed that ash pan on this particular engine. It is my recollection that he and I did spread fire on it the morning before. I don't know when the plaintiff worked at it last. The last time the plaintiff and I closed and opened or handled that lever when we had to call in other people to help us prior to the time of this injury was two or three mornings before that, but I can't just recall what morning it was—how far back it was. Yes; I am positive that the plaintiff was present and assisted with reference to this part of it at that time two or three mornings before."

The defendant in error, although on the stand twice after this testimony had been given, did not deny the facts stated. It is thus made to appear that defendant in error knew in advance that the ash pan on this engine was difficult to operate, requiring the strength of two men. We are of the opinion that under this evidence the court should have instructed a verdict for the plaintiff in error. Conceding that the ash pan was out of order because of a negligent failure on the part of the plaintiff in error to have it repaired, that condition created no menace to the safety of the employee. He was not required to do this work alone. He voluntarily made the attempt on this occasion to do it without help. Even if he did not previously know of the condition of the ash pan, he could have ascertained that it was difficult to close merely by lifting in moderation. He was neither directed nor expected to overexert himself. No one could gauge his strength so

---

well as himself. It is evident that the injury to defendant in error resulted, not from any negligence on the part of the railway company, but from the voluntary overexertion of his own strength.

This case is wholly unlike that of Payne v. Harris, 228 S. W. 350, recently decided by this court. There the employé, who was injured while lifting a heavy box, was acting under the immediate command of a foreman. Here the injured party was entirely free to lift or not lift the lever alone. The following authorities, we think, are pertinent: Ferguson v. Phœnix Mills, 106 Tenn. 236, 61 S. W. 53; San Antonio Traction Co. v. De Rodriguez, 77 S. W. 420; Seery v. G., C. & S. F. Ry. Co., 34 Tex. Civ. App. 89, 77 S. W. 950; T. & P. Ry. Co. v. Miller, 36 Tex. Civ. App. 240, 81 S. W. 535; Harris v. Railway Co., 176 Ky. 846, 197 S. W. 464.

The judgment will be reversed, and judgment here rendered for the plaintiff in error.

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes