ANNA M. DOBBINS, as Administratrix, etc., Respondent, *v.* WALSTON H. BROWN et al., Appellants.

The degree of care required of an employer in protecting his employees from injury, is the adoption of all reasonable means and precautions to provide for their safety while in the performance of their work.

Neglect, on the part of the employer, to exercise such care, must be proved by direct evidence or by proof of facts from which the inference of negligence can be legitimately drawn by the jury.

The mere fact that an accident occurred which caused an injury is not generally of itself sufficient to authorize an inference of negligence.

In an action to recover damages for the death of D., plaintiff's intestate a servant in defendants' employ, alleged to have been caused by defective

apparatus provided by the latter it appeared that D.'s death was caused by a fall from a bucket, which was being lowered in a shaft to convey workmen to a tunnel, their place of labor. The only survivor of the accident testified, that after the bucket got about half way down the shaft, something came from above and knocked him out of it. After the accident the cable supporting the bucket and dummy-yoke was found to be broken at a point above the bucket, where a chain connected with the cable, and a shoulder had been placed for the support of the dummy-yoke when in position; the dummy-yoke broken, with the bucket and a portion of the chain, were found lying together at the bottom of the shaft. There was no evidence but that similar apparatus and appliances were generally in use in deep shafts for mining purposes in this country, and in some instances it appeared they were required by law to be used. There was no proof of any defect in the plan or structure of the apparatus used, or that it was not well constructed. The court charged that the jury might infer that the accident occurred from the accidental stoppage of the dummy-yoke or follower at some point in the course of its descent, and its sudden fall thereafter from a great distance upon the bucket. *Held*, error; that the evidence was insufficient to support such an inference; also, that it was for plaintiff to show how the accident occurred, and to prove negligence of defendants in respect to some matter which caused it; and that the evidence failed to show this.

(Argued January 14, 1890; decided January 28, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made May 14, 1888, which affirmed a judgment in favor of plaintiff entered upon a verdict, and affirmed an order denying a motion for a new trial.

The nature of the action and the facts are sufficiently stated in the opinion.

*E. T. Lovatt* for appellants. There was no negligence shown on the part of the defendants. (*Stringham* v. *Hilton*, 111 N. Y. 188; *Burke* v. *Witherbee*, 98 id. 562; *March* v. *Chickering*, 101 id. 401; *Probst* v. *Delamater*, 100 id. 272; *Hickey* v. *Taaffe*, 105 id. 26; *Devlin* v. *Smith*, 89 id. 470; *Fuller* v. *Jewett*, 80 id. 46; *Painton* v. *N. C. R. R. Co.*, 83 id. 7; *Ellis* v. *N. Y., L. E. & W. R. R. Co.*, 95 id. 546; *Jones* v. *N. Y. C. & H. R. R. R. Co.*, 22 Hun, 286; *Sheehan* v. *N. Y. C. & H.*

*R. R. R. Co.*, 91 N. Y. 332; *Ford* v. *Lyons*, 41 Hun, 515; *Warner* v. *E. R. Co.*, 39 N. Y. 468; *Coppins* v. *N. Y. C. & H R. R. R. Co.*, 18 W. D. 416; *Salters* v. *D. & H. C. Co.*, 3 Hun, 338; *Bohn* v. *Havemeyer*, 114 N.Y. 296, 297; *Buckley* v. *G. P., etc., Co.*, 113 id. 540; *Slater* v. *Jewett*, 85 id. 61; *Clark* v. *Baines*, 37 id. 389.) There was no proof of absence of contributory negligence on the part of deceased. (*Cahill* v. *Hilton*, 106 N. Y. 512; *Cordell* v. *N. Y. C. & H. R. R. R. Co.*, 75 id. 330; *Hale* v. *Smith*, 78 id. 480; *Warner* v. *N. Y. & C. R. R. Co.*, 44 id. 466; *Hart* v. *H. R. B. Co.*, 84 id. 57; *Shaw* v. *Sheldon*, 103 id. 668.) Where a servant enters upon an employment, from its nature necessarily hazardous, he assumes the usual risks and perils of the service, and also those which are known to him, or which are apparent to ordinary observation. (*Gibson* v. *E. R. Co.*, 63 N. Y. 449; *DeForest* v. *Jewett*, 88 id. 264; *Owen* v. *N. Y. C. R. R. Co.*, 1 Lans. 108; *Shaw* v. *Sheldon*, 103 N. Y. 667; *McEnany* v. *Kyle*, 8 N. Y. S. R. 358; *Loray* v. *Hall*, Id. 799; *Monaghan* v. *N. Y. C. R. R. Co.*, 9 id. 674; *Goodrich* v. *N. Y. C. R. R. Co.*, 3 id. 774; *Hickey* v. *Taaffe*, 105 N. Y. 26; *Kelly* v. *C. G. Co.*, 17 Wkly. Dig. 408; *Appel* v. *B., N. Y. & P. Co.*, 111 N. Y. 550; *Buckley* v. *G.P.Co.*, 113 id. 545; *Bohn* v. *Havermeyer*, 114 id. 296, 297; *Sweeny* v. *B. & J. E. Co.*, 101 id. 520; *Clark* v. *Barnes*, 37 Hun, 289; *Haas* v. *B., N. Y. & P. R. R. Co.*, 47 id. 145; *Evans* v. *L. S. & M. S. R. R. Co.*, 12 id. 289; *Williams* v. *D., L. & W. R. R. Co.*, 39 id. 432; *Kelry* v. *S. S., etc., Co.*, 20 Wkly. Dig. 192; *Wright* v. *N. Y. C. R. R. Co.*, 25 N. Y. 562; *Gibson* v. *Erie R. Co.*, 63 id. 448; *Loonan* v. *Brockway*, 3 Robt. 74; *Jones* v. *Rood*, 8 J. & S. 248; *Desmond* v. *Rose*, 14 id. 569; *Sammon* v. *N. Y. & H. R. R. R. Co.*, 62 N. Y. 251; *Glendenning* v. *Shay*, 22 Hun, 78; *Laning* v. *N. Y. C. R. R. Co.*, 49 N. Y. 520–532.) The fact that the machinery failed to work properly did not show that it was unfit for use, no accident having occurred to it before, and no defect being visible or ascertainable. (*Marsh* v. *Chickering*, 101 N. Y. 401; *Curran* v. *W. C. & M. Co.*, 36 id. 103; *Cordell* v. *N. Y. C. & H. R. R. R. Co.*, 75 id. 330; *Terry* v. *N.*

*Y. C. R. R. Co.*, 22 Barb. 574; *Searles* v. *M. R. G. Co.*, 101
N. Y. 662; *Laflin* v. *B. & S. R. R. Co.*, 106 id. 136.)
Defendants having done all they could in regard to the fur-
nishing of appliances, and having furnished a competent fore-
man, engineer, and topman and other competent employes,
any failure of the topman to perform his duties, which resulted
in this accident, could not be attributed to the defendants,
but must be charged against the co-servant. ( *Werner* v. *E.
R. Co.*, 39 N. Y. 468; *Sumonon* v. *N. Y. & H. R. R. Co.*,
62 id. 256; *Malone* v. *Hathaway*, 64 id. 5; *Coppins* v. *N.
Y. C. & H. R. R. R. Co.*, 25 Wkly. Dig. 416.) The motion
for a non-suit should have been granted, as there was no
foundation laid at the trial upon which the jury could fix a
charge of negligence on the part of the defendants. ( *Burke*
v. *Witherbee*, 98 N. Y. 567; *Laflin* v. *B. & S. R. R. Co.*,
106 id. 137; *Dwight* v. *G. L. Ins. Co.*, 103 id. 343; *Cordell*
v. *N. Y. C. & H. R. R. R. Co.*, 75 id. 330; *Deyo* v. *N. Y.
C. R. R. Co.*, 34 id. 9; *Coppins* v. *N. Y. C. & H. R. R. R.
Co.*, 50 id. 2, 6.)

*J. Van Vechten Olcott* for respondent. It was defendants'
duty to provide safe means of entry into and exit from the
place where their employes where compelled to go, and their
failure so to do was negligence. (*Stringham* v. *Stewart*, 100
N. Y. 516; *Stringham* v. *Hilton*, 111 id. 188; *Slater* v.
*Jewett*, 85 id. 61–67; *Laning* v. *N. Y. C. R. R. Co.*, 49 id.
521–532; *Kirkpatrick* v. *N. Y. C. R. R. Co.*, 79 id. 240;
*Booth* v. *B. & A. R. R. Co.*, 73 id. 38–41; *Painton* v. *N.
C. R. R. Co.*, 83 id. 7.) Plaintiff is not chargeable with
knowledge of the danger of this device. He was justified in
relying upon the care of his employer and to rest in the
assurance that proper care had been taken to insure his
safety. (*Kain* v. *Smith*, 89 N. Y. 375; *Newson* v. *N. Y.
R. R. Co.*, 29 N. Y. 383; *Mackay* v. *N. Y. C. R. R. Co.*, 35
N. Y. 75.) Plaintiff proved that the defendants failed to
provide a reasonable safe appliance with which to do the
work assigned him; that the accident was caused in such a

manner that the cause was not a risk that the servant was bound to take into consideration in his employment ; and that there was no contributory negligence on his part, and, therefore, the motion to dismiss the complaint was properly denied. (*Tollman* v. *S. B. & N. Y. R. R. Co.*, 98 N. Y. 198, 203 ; *Boardman* v. *Brown*, 44 Hun, 336 ; *Burke* v. *Witherbee*, 98 N. Y. 563.) The question as to whether the appliances used are proper and safe is for the jury, if there is contradictory evidence on that point. (*Flike* v. *B. & A. R. R. Co.*, 53 N. Y. 549 ; *Cone* v. *D., L. & W. R. R. Co.*, 81 id. 206.) The questions of fact depending upon conflicting evidence were properly submitted to the jury. (Code Civ. Pro. §§ 1337, 1338 ; *Hewlett* v. *Elmer*, 103 N. Y. 156, 165 ; *Vermilye* v. *Palmer*, 52 id. 471 ; *Matter of Bull*, 111 id. 624, 629 ; *Parkhurst* v. *Berdell*, 110 id. 386 ; 15 Civ. Pro. Rep. 366 ; *Bassett* v. *Wheeler*, 84 N. Y. 466.) Even though the motion for a nonsuit was improperly denied when it was made at the close of plaintiff's case, the defendants by the testimony of the witness Church have supplied any omissions. (*Painton* v. *N. C. R. R. Co.*, 83 N. Y. 7.)

Ruger, Ch. J. We are of the opinion that the evidence of negligence, on the part of the defendants, in the case was insufficient to support a verdict against them. The action was brought for the purpose of recovering damages for the death of plaintiff's intestate, who was a servant in the employ of the defendants, and was alleged to have been injured by a fall from a bucket being lowered in a shaft, some four hundred feet deep, for the purpose of conveying workmen to a tunnel, the place of their labor. Such an action is supportable only upon the theory of personal negligence on the part of the employer, resulting in the injury complained of. The degree of care required of an employer in protecting his employes from injury has been stated to be the adoption of all reasonable means and precautions to provide for the safety of his servants while in the performance of their work. (*Corcoran* v. *Holbrook*, 59 N. Y. 517 ; *Pantzar* v. *Tilly Foster Iron Mining*

*Co.*, 99 id. 368.) The omission to use such care has been held to be negligence, rendering the employer liable for damages occa-sioned by it; but such neglect must be proved, either by direct evidence or the proof of facts from which the inference of negligence can be legitimately drawn by the jury. It cannot be supported by mere conjecture or surmise, but must be made referable by the proof to some specific cause or defect. It has been held that the mere fact that an accident occurred which caused an injury, is not generally, of itself, sufficient to authorize an inference of negligence against a defendant. (*Curtis* v. *R. & S. R. R. Co.*, 18 N. Y. 534.)

The negligence alleged in the complaint is that the machin-ery, appliances and apparatus used by the defendants in their work for communication between the surface of the earth and the bottom of the shaft, were unsafe, defective and insecure, and the specification under this charge was that the dummy-yoke, follower or frame used to steady the bucket or car while traversing the shaft, was so defective, unsafe and insecure, and the defendants were so negligent in securing and watching the same, that said dummy-yoke or frame fell upon the said intestate and others who were descending the shaft, and killed four out of five of its occupants, among whom was the plain-tiff's intestate.

The proof does not support this allegation. It appears that there was but one survivor of the catastrophe, and he was, therefore, the only eye witness of the transaction, but was entirely unable to state how it occurred. His testimony was that some time after the bucket got about half way down the shaft something came from above and knocked him out of it, and this constituted the only direct evidence as to the manner in which the accident occurred. Other evidence was to the effect that after the accident the cable supporting the bucket and dummy-yoke was found to be broken at a point about twenty feet above the bucket, at a place where a chain con-nected with the cable, and a shoulder had been placed for the support of the dummy-yoke when in position, and the dummy-yoke, broken in three pieces, with the bucket and a portion

of the chain, were found lying together at the bottom of the shaft.

There was no evidence but that apparatus and appliances, similar to the one in question, were generally in use in deep shafts for mining purposes in this country, and in some instances it appeared they were required to be used by the statutes of the states in which they were employed. No proof was given of any defect in the plan or structure of the machinery or appliances, constituting the apparatus used in elevating and lowering the bucket in question, or that it was not well constructed of good materials in accordance with the plans generally followed in manufacturing similar apparatus. The trial court in its charge to the jury authorized them to infer that the accident might have occurred from the accidental stoppage of the dummy-yoke, or follower, at some point in the course of its descent and its sudden fall thereafter from a great distance upon the bucket. We think that court erred in submitting this theory to the jury as there was no sufficient evidence to support it. There was no evidence to show but that the dummy, or follower, immediately followed the bucket in its descent as it was designed to do, or of the existence of any cause which might have prevented it or interrupted its descent. There was no proof that the follower had not always operated as it was designed to do, or that there was any obstruction which would on this occasion have been likely to impede its natural operation. Any inference that the accident happened in the manner suggested would, it seems to us, have been substituting conjecture for proof and violated the rule requiring proof always to be made the basis of a recovery.

There were other ways in which the accident might have occurred, as by the fall of some detached rock, dirt or other body from the surface or shaft upon the bucket or follower, or some sudden jerk or strain upon the cable, which caused it to break, or from many other unexpected and unforeseen causes, which are not sufficiently negatived or contradicted by the evidence. It is quite improbable that the deaths were

·caused by the contact of a body falling directly upon them, but rather by the concussion of the fall from a great height to the bottom of the shaft. Whatever might have been the cause of death, it was for the plaintiff to show how it occurred. The burden of proof lay upon her to establish the liability of the defendants and to do this she was bound to show affirmatively, not only the absence of contributory negligence on the part of her intestate, but the negligence of the defendants in respect to some matter which caused the injury complained of. The former may be legitimately inferred from the evidence, but with respect to the latter we have been unable to discover sufficient evidence in the case, and the judgments of the courts below should, therefore, be reversed and a new trial ordered with costs to abide the event.

All concur.

Judgment reversed.