## MARTIN *v.* COOK *et al.*

### (*Supreme Court, General Term, First Department.   April 17, 1891.*)

1. MASTER AND SERVANT—NEGLIGENCE OF MASTER—EVIDENCE.

   Plaintiff was injured by the fall of an iron ladle in his employers' foundry. There was no proof that the ladle was defective, except such as was afforded by the accident, nor that the ladle had not been properly inspected, or that, if defective, it could have been discovered by inspection. *Held*, that the complaint was properly dismissed.

2. SAME—NEGLIGENCE OF FOREMAN.

   In such case it was not negligence on the part of the foreman to direct plaintiff to operate said ladle, he having no reason to suspect that the same would fall, there being no evidence that such a thing had ever occurred before, and neither the plaintiff nor the other workmen ever having anticipated any danger from that source.

3. SAME—EVIDENCE—OTHER ACCIDENTS.

   In an action for injuries received by an employe in the master's foundry, evidence of injuries received by other employes there is inadmissible, unless they occurred in the same way in which the plaintiff was injured.

4. PRACTICE IN CIVIL CASES—DISMISSAL ON THE MERITS.

   An order dismissing a case upon its merits should not be made in a case where there is a failure of proof altogether, it being only where a *prima facie* case is made out, and proof offered to rebut it, that the merits are involved.

Appeal from circuit court, New York county.

Action by Patrick Martin against Valentine Cook and another to recover damages for injuries alleged to have been caused by defendants' negligence. Exceptions taken by the plaintiff at the trial were ordered to be heard in the first instance at the general term, and plaintiff appeals from an order dismissing his complaint on the merits.

Argued before VAN BRUNT, P. J., and DANIELS, J.

George M. Curtis, for appellant.    Edward M. Burghard, (Lewis Sanders, of counsel,) for respondents.

VAN BRUNT, P. J.   This action was brought to recover damages for injuries sustained by the plaintiff while in the employ of the defendants, which injuries were attributable to the negligence of the defendants.   The court dismissed the complaint because of alleged failure of proof of negligence.   The plaintiff had been in the employ of the defendants for 12 or 15 years prior to the accident, who were engaged in the foundry business, and upon the day in question he was employed in letting molten metal run from the furnace into a ladle, which was swung on a crane, and the metal was to be taken out to that part of the shop where it was wanted to be used by the moulders.   This duty the plaintiff had been accustomed to attend to every day, from two to five times, for several years.   Upon the day in question the ladle commenced to leak, and the plaintiff hollered to the foreman that the ladle was leaking, who hollered to the plaintiff to stop it.   The plaintiff tried to stop it, but failed.   He then took a shovel, and went for some sand, to let the iron run out of the ladle.   Then the foreman directed the men to put in another ladle, and they did so, and he hollered to the plaintiff to get out of the way.   By his direction the leaking ladle was hoisted up, and while it was being hoisted he directed the plaintiff to steady it.   The plaintiff did so.   The leaking ladle was then swung to the other ladle, and the iron commenced to be poured into the other ladle, and then the band upon the leaking ladle gave way, and fell to the floor, and the plaintiff's feet were burned with the molten metal.   It further appeared that the ladle was made of hammered iron, and lined with fire-sand and loam-sand, to prevent the molten iron from melting the iron shell composing the ladle.   The plaintiff had lined this particular ladle 20 or 30 times, or other ladles a great many times, but he did not line this ladle upon this particular occasion.   It would seem that there must have been some defect in the lining of the ladle which permitted the molten iron to come in contact with and melt the iron composing the ladle.   But it does not appear, otherwise than by the happening of the accident in question, that the ladle was in any way defective or out of order, nor is there any proof that the condition of the ladle could have been discovered by examination, nor even that it was defectively lined upon the last occasion, or that the person who did the work was incompetent for the service.   The sole proof of negligence was the happening of the accident.   The rule is, if the injury arises from a defect or insufficiency in the machinery or implements furnished to the servant by the master, knowledge of the defects or insufficiency must be brought home to the master, or proof given that he was ignorant of the same through his own negligence or want of proper care; in other words, it must be shown that he either knew, or ought to have known, the defects which caused the injury.   Personal negligence is the gist of the action.   Wright v. Railroad Co., 25 N. Y. 563, and cases there cited; Malone v. Hathaway, 64 N. Y. 5. In the case at bar there was no proof that the ladle was defective, except such as was afforded by the accident, nor that it had not been properly inspected, or that, if defective, such defect could have been discovered by inspection. In fact, there was no evidence of personal negligence; such negligence must be proved.   It is true that, in considering the evidence upon a dismissal of a complaint, if any inference can be properly drawn from the evidence favorable to the plaintiff such inference must be presumed to be established, although a jury might be at liberty to come to a different conclusion; but inferences cannot be drawn of the existence of a fact or facts in respect to which there is no evidence.   In the case at bar, in the absence of proof of want of inspection, or that inspection would have discovered the imperfection, if any, negligence cannot be assumed.   Dobbins v. Brown, 119 N. Y. 193, 23 N. E.

Rep. 537. As has already been stated, the only proof of negligence was the happening of the accident. This is not enough. *Dobbins* v. *Brown, supra.*

The next question presented is whether the defendants are liable because of the action of the foreman. There is no evidence that his action was negligent; at most, it is an error of judgment. He had no reason to suspect, as far as the evidence shows, that the ladle would fall. This was a result which nobody anticipated. There is no evidence that such a thing ever happened before, and it is evident that the plaintiff and the other workmen did not anticipate any such danger or result. It does not appear that it was a manifestly improper thing to do, to attempt to put the metal into the other ladle, and, if it was not, then the foreman was not guilty of negligence in attempting to do so. We think that the error in the appellant's case is the assumption that negligence is to be inferred because of the happening of the accident. As has been already stated, this is not the true rule in this class of cases, but some omission or some commission of the employer, or those standing in his shoes, must be shown which contributed to the happening of the accident. The exceptions to the exclusion of evidence do not seem to be well taken. The fact that other persons had been injured at this foundry was immaterial, unless it was shown that they were injured in the same way the plaintiff was, which was not attempted. It is true that the learned counsel for the plaintiff contends in his points that such would have been the tendency of the proof, but the case does not disclose that the proof was offered for any such purpose. The other question ruled out, to which exception was taken, had been previously certified to.

The learned judge presiding at the trial made an order dismissing the complaint upon the merits. This, we think, was error. Where a complaint is dismissed because of failure of proof, the dismissal is not upon the merits, because the merits are not involved, the complaint being dismissed because of the want of merit in the proof. It is only where a *prima facie* case is made out, and proof offered to rebut it, that the merits are involved. The objection to the dismissal upon the merits should be sustained, and the other exceptions overruled, and the motion for a new trial denied, and the defendant should have judgment dismissing the complaint, with costs, except the costs of this motion for a new trial.