ALLEN v. BANKS et al.

(Supreme Court, Appellate Division, Fourth Department.    June 17, 1896.)

NEGLIGENCE—EVIDENCE—CHARACTER OF ACCIDENT.
    In an action for personal injuries, it appeared that plaintiff, a teamster in the employ of N., went to defendants' ice house to haul ice purchased by N. from defendants. The ice was lowered from the ice house to the wagon by means of a pulley. While the wagon was being loaded, a piece of ice fell and struck plaintiff. There was no evidence as to how the ice happened to fall. *Held*, that the accident was not of such a character as to raise a presumption of negligence on the part of defendants.

Action by John Allen against Levi B. Banks and William P. Taylor. A nonsuit was directed by the superior court of Buffalo, in which the action was originally brought, and plaintiff moved for a new trial, on exceptions ordered to be heard in the first instance in the appellate court. Denied.

The defendants are co-partners, and, as such, were, at the time hereinafter mentioned, engaged in the business of selling ice at the city of Buffalo. They owned and occupied a large ice house, in which the ice was stored in tiers, and, when delivered to customers, it was lowered from the top tier by means of a contrivance called a "gig," made of wood and iron, and so constructed that it formed a cage into which a cake of ice was placed, and from which it was impossible for the ice to escape if the framework was in proper condition. The gig was operated by means of a rope and pulley, a weight being attached to the other end of the rope, and so adjusted that, when the cage was empty, it would ascend to an opening in the side of the building, where the ice would be shoved into it, the additional weight of which would cause the gig to descend until it came within a few feet of a platform at the bottom of the ice house, when some iron arms which projected from the cage would strike the framework, and thereupon a gate would open, and the ice would slide out on the platform. The plaintiff was in the employ of the Niagara Ice Company, and upon the 6th day of April, 1895, drove to the defendants' ice house, to obtain a load of ice, to be distributed to the customers of his employers. He backed the wagon up to the platform, and proceeded to fill the same with ice, which was delivered to him in the manner already described; and, while thus engaged, he was struck by a piece of ice, and quite seriously injured, in consequence of which this action is brought by him, to recover damages therefor.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

George W. Cothran, for plaintiff.
Henry Chace, for defendants.

ADAMS, J. This case was tried upon the theory that it was only necessary to prove the occurrence of the accident, and its physical consequences to the plaintiff, in order to establish a cause of action against the defendants; and it is singularly destitute of any evidence which will furnish a satisfactory explanation of the particular cause which produced the injury complained of. In opposition to the motion for a nonsuit, it was insisted by the plaintiff's counsel that the accident itself was of such a character as to raise a presumption of negligence, which could only be overcome by explanatory evidence upon the part of the defendants; and, apparently, this contention constitutes the plaintiff's main reliance in his efforts to obtain a reversal of the decision of the trial court. The rule contended for has obtained frequent recognition from the courts of this state, but its application has been limited either to actions in which the relation of the parties was of such a character as to call for the exercise of the highest degree of care and skill upon the part of the defendant, in order to guard against accidents, as in the case of carriers of passengers (Seybolt v. Railroad Co., 95 N. Y. 562; Breen v. Railroad Co., 109 N. Y. 297, 16 N. E. 60; Webster v. Railroad Co., 85 Hun, 167, 32 N. Y. Supp. 590), or where conditions were shown to exist which could not have been produced save by the operation of exceptional causes. An apt illustration of the rule in its application to actions of the latter class is furnished by cases where travelers upon a street are injured by the dropping of articles from buildings or structures which abut thereon or extend thereover. Mullen v. St. John, 57 N. Y. 567; Hogan v. Railway Co., 149 N. Y. 23, 43 N. E. 403; Dohn v. Dawson, 90 Hun, 271, 35 N. Y. Supp. 984. And this court very recently had occasion to apply it in a case which, while it cannot be strictly assigned to either of the classes specified, was, nevertheless, one in which it was made to appear that an employé was injured by the dropping of an iron hammer, the appliances of which had been in a defective condition, to the knowledge of the master, for a considerable period of time; and, although the precise cause of its fall was not shown, we held that, under these circumstances, the jury might have found that it was attributable to defective machinery, for which the master was legally responsible. Dumes v. Sizer, 37 N. Y. Supp. 929. We are not aware, however, that the rule has as yet been extended sufficiently to render it available to the plaintiff in this action. The defendants were occupying the premises where the accident occurred for business purposes; and, while it may be assumed that the plaintiff went there upon an implied invitation to obtain the commodity which they dealt in, the relationship thus created imposed upon the defendants the duty of exercising only such reasonable prudence and care as would not unreasonably and unnecessarily expose the plaintiff to danger during its continuance. Hart v. Grennell, 122 N. Y. 371, 25 N. E. 354; Cosulich v. Oil Co., 122 N. Y. 118, 25 N. E. 259; Flynn v. Railroad Co., 142 N. Y. 439, 37 N. E. 514.

And it has been expressly held that the omission of such a duty must be established by direct proof, and cannot be left to mere inference or surmise. Dobbins v. Brown, 119 N. Y. 188, 23 N. E. 537. As has been already stated, this case is utterly barren of any such evidence. The plaintiff does not pretend to furnish any explanation of the accident himself; and the only witness who did give evidence upon that subject simply stated that he saw a cake of ice hit the plaintiff, but where it came from, or how it happened to strike him, he could only conjecture. It does appear, however, that the gig or cage used for lowering ice was at the opening near the top of the building at about the time the plaintiff was struck, and he swears that, when in that position, "the ice would necessarily have to go into the gig when it passed through the aperture," and that, "if the gig had been in ordinary condition, it would not be possible for a chunk of ice to come down." He also testified that he had been familiar with this device for lowering and loading ice for the past seven years, during which time he had never before known of the occurrence of such an accident. This situation compelled the plaintiff's counsel to take the position, as we understand it, that the ice must necessarily have escaped from the gig; and his request to go to the jury was ultimately narrowed down to the one proposition that the evidence would warrant an inference that its escape was due to a defective gate. We think there are, at least, two complete and satisfactory answers to this contention. In the first place, there is not a scintilla of proof of any such defect except the one isolated fact that a piece of ice somehow managed to hit the plaintiff. No one saw any defect in the operation of the gate. There is no evidence that any was discovered after the accident had occurred; and the plaintiff testified that in his seven years' experience he never knew nor heard of a gate working improperly in a machine constructed upon this principle. But, assuming that the accident was the result of some defect in the gate, there is nothing in the case to indicate that such defect was one which the defendants negligently suffered to exist, or one that was ever brought to their notice. On the other hand, it does appear that, for five or six days prior to the happening of the accident, the plaintiff had been drawing ice from this ice house, which had been safely and properly delivered to him by means of this same contrivance; and it would seem, therefore, that the only inference which could have been legitimately drawn from this evidence was that the defect, if any, was one which must have developed itself suddenly, and therefore one which a reasonable degree of care and skill did not require the defendants to guard against. Moran v. Wagon Co., 74 Hun, 454, 26 N. Y. Supp. 852. In any view which can properly be taken of the case as disclosed by the record, we think the trial court was right in withholding it from the jury, and that the plaintiff's motion should therefore be denied.

Motion for a new trial denied, and judgment directed in favor of the defendants, with costs. All concur.