(45 Misc. 334)

McDONOUGH v. JAMES REILLY REPAIR & SUPPLY CO.

(Supreme Court, Appellate Term. November 10, 1904.)

1. NEGLIGENCE—LICENSEE—SEEKER OF EMPLOYMENT.
   One who comes on the premises of another to seek employment at the invitation of the owner's foreman, in accordance with a recognized custom, acquiesced in by the owner, is entitled to the exercise of ordinary care for his safety.

2. SAME—PRESUMPTION—RES IPSA LOQUITUR.
   A machinist's battering ram—a heavy instrument, readily overbalanced —is not inherently a thing of danger; and the mere fact that such an instrument fell over and caused an injury to an applicant for employment did not in itself raise a presumption of negligence.

Appeal from City Court of New York, Trial Term.

Action by James McDonough against the James Reilly Repair & Supply Company. From a judgment for plaintiff, and an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and FITZGERALD, JJ.

Norman B. Beecher and Charles M. Hough, for appellant.
Anson M. Beard, for respondent.

BISCHOFF, J. The plaintiff, while standing in line with a number of applicants for employment in the defendant's machine shop, was injured by the fall upon his foot of an instrument described as a machinist's battering ram, which had been placed against the wall, and which for some reason fell over. His presence at the defendant's shop was in answer to an invitation extended by the defendant's foreman to him a day or two earlier; and, in view of the fact that the applicants for employment came to this place under the same circumstances, as a matter of custom, acquiesced in by the defendant for the purpose of its business, the plaintiff may, we think, be viewed as something more than a mere licensee. The invitation extended to him was suffi-

¶ 2. See Negligence, vol. 37, Cent. Dig. § 218.

ciently connected with the purposes of the defendant's business to render the acceptance of that invitation beneficial to the defendant, and the case is to be distinguished from that of a mere seeker of employment, who comes upon premises in furtherance of no recognized custom of the business, and whom the courts have sometimes held to be a licensee, simply.  Present by invitation then, the plaintiff was entitled to the defendant's exercise of ordinary care for his safety when upon the premises; and we may hold that there was sufficient proof of negligence to justify the verdict, if accepted by the jury, under proper instructions, in that this battering ram—a heavy instrument, readily overbalanced—was left standing near this line of applicants for employment, without being secured in such a way as the jury might have found would have been suggested by reasonable prudence.

As to the actual circumstances which resulted in the placing this instrument, and as to the cause of its fall, the evidence was very meager; and any error in the instruction of the court touching the burden of proof cannot but have had a prejudicial bearing, under this condition of the evidence.  This battering ram was not inherently a thing of danger; it became dangerous only when placed in such a manner that its fall might cause injury; and the insecure placing, with the consequent fall, through some agency, could not be found to have been a negligent act, without more, from the mere fact that the instrument fell.  The doctrine res ipsa loquitur does not apply to such a case as this, and the mere happening of the accident could raise no presumption that there was negligence on the defendant's part.  Allen v. Banks, 7 App. Div. 405, 39 N. Y. Supp. 1016; Groarke v. Laemmle, 56 App. Div. 61, 67 N. Y. Supp. 409.  The defendant was entitled to an instruction to the jury to this effect, but the court refused to charge, when requested by defendant, "that the mere occurrence of this accident raises no presumption against the defendant," and an exception was duly taken.  The jury may well have found that the evidence of the facts surrounding the accident did not support an inference, acceptable to them, of the defendant's negligence, and yet have rendered their verdict upon the strength of a presumption of negligence which this ruling of the court authorized them to find from the simple happening of the accident.

We conclude that the judgment and order appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide the event.  All concur.