### McDONOUGH v. JAMES REILLY REPAIR & SUPPLY CO.

(Supreme Court, Appellate Term.  April 24, 1905.)

**1. NEGLIGENCE—INJURIES—EVIDENCE.**
> In an action for injuries sustained by plaintiff while on defendant's premises, applying for employment, evidence *held* insufficient to show any negligence on the part of defendant.

**2. SAME—LIABILITY OF DEFENDANT.**
> Where, in an action for injuries, the situation presented by the evidence is equally consistent with the absence as with the existence of negligence, defendant cannot be held liable.
>
> [Ed. Note.—For cases in point, see vol. 37, Cent. Dig. Negligence, §§ 217, 267.]

Appeal from City Court of New York, Trial Term.

Action by James McDonough against the James Reilly Repair & Supply Company.  From a judgment in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals.  Reversed.

Argued before SCOTT, P. J., and LEVENTRITT and GREENBAUM, JJ.

Robinson, Biddle & Ward (Artemus Ward, Jr., and Norman B. Beecher, of counsel), for appellant.

Gifford, Hobbs, Haskell & Beard (Anson M. Beard, of counsel), for respondent.

GREENBAUM, J.  I do not think that plaintiff maintained the burden which was upon him of presenting facts establishing the defendant's negligence, or from which an inference of such negligence might fairly arise.  As was said by this court upon an appeal from a previous judgment entered in this action (45 Misc. Rep. 334, 335, 90 N. Y. Supp. 358, 359), "the mere happening of the accident would raise no presumption" of defendant's negligence. The only testimony from which it could possibly be argued that the negligence of defendant was established or inferable was to the effect that, when plaintiff called at defendant's premises on the Saturday immediately preceding the Monday morning when the accident happened, he saw two battering rams in an upright position at or near the place where he was standing at the time of the accident, and that they could be easily toppled over by a touch.  It may also be assumed that it might be inferred from plaintiff's testimony that immediately after the accident he identified the ram that fell upon him and another ram, which was then standing upright,

as the rams which he saw on the previous Saturday, and that the upright ram was in the same position as when he had then seen it. There is, however, no evidence which might suggest that the falling of the ram was due to the negligence of the defendant or its servants, unless the fact of permitting a ram to remain in such a position that, by reason of its construction and condition, it was liable to be knocked down by a push, was in itself a negligent act. But no negligence may be predicated upon the mere fact that the ram, which is a mere movable appliance or tool in a workshop, found on the Saturday previous at noon in an upright position, easily to be toppled over, had not been placed in a position of security by 7 o'clock on the morning of the Monday following. It was not shown that the rams had been kept in a dangerous position for such a length of time as would justify a jury in finding that defendant had knowledge of the danger to which a visitor might be subjected in standing near them, nor was any testimony offered that the rams were put in the alleged dangerous position by any servant of the defendant. A finding of negligence upon such a state of facts would be idle speculation and surmise, and in defiance of the well-settled rules of law applicable to negligence cases. Even if considered in a light most favorable to plaintiff, the situation presented was one "equally consistent with the absence as with the existence of negligence," and therefore insufficient to fasten a liability upon defendant. Ruppert v. Brooklyn Heights R. Co., 154 N. Y. 90, 94, 47 N. E. 971.

The motions to dismiss the complaint should have been granted.

Judgment reversed and new trial granted, with costs to appellant to abide the event. All concur.