[No. 9142. *En Banc.* May 16, 1911.]

BERTHA LEWINN et al., *Appellants,* v. MICHAEL MURPHY, *Respondent.*[1]

MASTER AND SERVANT—NEGLIGENCE—SAFE PLACE—FALL OF TIMBER
—CAUSE OF DEATH—EVIDENCE—SUFFICIENCY. In an action for the
death of an employee, struck by the fall of a timber from the third
floor of a building under construction, a nonsuit is properly granted
where there was no evidence, directly or indirectly, as to the cause
of the fall of the timber, or that it was negligently piled, and noth-
ing to show that the place was not a reasonably safe place to work,
except the accident itself.

SAME—SAFE PLACE—INCOMPLETED STRUCTURES. The doctrine of
safe place does not apply to the construction of buildings, where the
situation is constantly changing, with the same force that it does
to completed structures and fixed places.

SAME—RES IPSA LOQUITUR. The doctrine of *res ipsa loquitur* is
not applicable to an injury to an employee from the falling of a
piece of loose timber in an incompleted building with practically
open spaces between the different floors.

Appeal from a judgment of the superior court for Spo-
kane county, Sullivan, J., entered November 2, 1909, upon
granting a nonsuit, dismissing an action for the wrongful
death of an employee engaged in the construction of a build-
ing. Affirmed.

*Roche & Onstine* and *B. O. Graham,* for appellants, con-
tended that the doctrine of *res ipsa loquitur* is applicable to
the facts of this case. *LaBee v. Sultan Logging Co.,* 47
Wash. 57, 91 Pac. 560, 20 L. R. A. (N. S.) 405; *Id.,* 51
Wash. 81, 97 Pac. 1104; *Anderson v. McCarthy Dry Goods
Co.,* 49 Wash. 398, 95 Pac. 325, 126 Am. St. 870, 16 L. R. A.
(N. S.) 931; *Kaples v. Orth,* 61 Wis. 531, 21 N. W. 633;
*Volkmar v. Manhattan R. Co.,* 134 N. Y. 418, 31 N. E. 870,
30 Am. St. 678; *McCauley v. Norcross,* 155 Mass. 584,
30 N. E. 464; *Hammarberg v. St. Paul & Tacoma Lum-
ber Co.,* 19 Wash. 537, 53 Pac. 727; *Cleary v. General

[1]Reported in 115 Pac. 740.

Contracting Co., 53 Wash. 254, 101 Pac. 888; 4 Thompson, Negligence, §§ 3882, 3883. The negligence of the defendant, under the evidence, was a question for the jury. McDonough v. Great Northern R. Co., 15 Wash. 244, 46 Pac. 334; Walker v. McNeill, 17 Wash. 582, 50 Pac. 518; Allend v. Spokane Falls & N. R. Co., 21 Wash. 324, 58 Pac. 244; Costa v. Pacific Coast Co., 26 Wash. 138, 66 Pac. 398; Goe v. Northern Pac. R. Co., 30 Wash. 654, 71 Pac. 182; McMillan v. North Star Min. Co., 32 Wash. 579, 73 Pac. 685, 98 Am. St. 908; Jancko v. West Coast Mfg. Co., 34 Wash. 556, 76 Pac. 78; Cheatham v. Hogan, 50 Wash. 465, 97 Pac. 499, 22 L. R. A. (N. S.) 451; Mullin v. Northern Pac. R. Co., 38 Wash. 550, 80 Pac. 814; Hart v. Cascade Timber Co., 39 Wash. 279, 81 Pac. 738; Dossett v. St. Paul & Tacoma Lumber Co., 40 Wash. 276, 82 Pac. 273; Liedke v. Moran Bros. & Co., 43 Wash. 428, 86 Pac. 646, 117 Am. St. 1058; Hoseth v. Preston Mill Co., 55 Wash. 416, 104 Pac. 612; McKenzie v. North Coast Colliery Co., 55 Wash. 495, 104 Pac. 801, 28 L. R. A. (N. S.) 1244.

*Cameron, Ferris, Swan & Lally*, for respondent.

Morris, J.—Appellants, widow and child of Carl Lewinn, deceased, brought this action to recover for his alleged wrongful death through the negligence of respondent, and appeal from a judgment of dismissal granted by the court upon motion of respondent at the conclusion of appellants' case.

Respondent was the contractor engaged in the construction of a steel frame building at Spokane, and deceased was in his employ. On May 28, 1906, the building had reached a height of four stories. The framework was of steel, and iron columns on each floor connected with steel girders running east and west, and eyebeams running north and south. The girders were from fifteen to twenty feet long, the eyebeams from eighteen to nineteen feet long, and running at right angles to each other, leaving open spaces on each floor about

eighteen feet square. The girders running east and west were fifteen inches high, and the eyebeams running north and south were five inches high, and were so placed that the beams running east and west were five inches higher than the beams running north and south, resulting, as appellants claim, in making lumber and building material piled across these beams five inches higher on one end than on the other. The second and third floors were wholly open, except for a ten-foot platform on the inside of the walls used by the brick masons as a scaffold, and a runway of planks from one of these openings used as a hoisting shaft to the scaffold upon which material, after being brought up through the hoisting shaft, was taken in wheelbarrows to the scaffold. There was about a carload of lumber and building material of various sizes on the third floor, piled across the girders and eyebeams. For about a week prior to May 28, the work had been suspended on the building on account of lack of needed material. It was resumed on that day.

Deceased was a mortar mixer, working on the outside of the building; but about 1:30 p. m. he was called by respondent to assist him in hoisting window frames to the third story, by means of a rope running through a pulley on the fourth floor. In doing this hoisting, they were assisted by men on the third floor, who, standing upon a platform partially built across the opening, took the frames as they came up through one of these open spaces and carried them to the required place. Respondent and the deceased had been engaged at the work about twenty minutes when a stick of timber, 4x4 and about six feet long, fell from the third floor, striking a girder on the second floor, from which it bounded, and falling again, struck deceased on the head, inflicting fatal injuries. The negligence alleged was in not furnishing a safe place in which to work, and negligent manner of construction. In addition to the above facts, there was testimony to the effect that using the hoist as they were using it, and the walking of the men upon the plank runway, in carry-

ing the frames from the hoisting shaft to the walls, would cause some vibration in the girders and some springing in the planks. Respondent also answered an interrogatory propounded by appellants, saying he did not know what caused the timber to fall, but that it was not knocked loose by an employee. There are no other facts, as we view them, material to the issue submitted here, which is the error of the court in granting respondent's motion for judgment.

There was no evidence as to the place from whence the timber that struck deceased came, except that it fell from the third floor. No witness testifies, either directly or by venturing an opinion, as to what caused it to fall. There is no suggestion of human or other intervening agency in its fall. There is no evidence that the timber and material piled on the third floor were piled in a careless or negligent manner, or in a manner different from that used by prudent contractors in the same character of construction. There was no evidence that it was so piled as to be jarred loose by the vibration, caused by hoisting material or carrying it across the planks, or that it was so jarred loose. The cause of the fall was, therefore, a conjecture and speculation. No jury could have determined it except as "it might have been." The law will not permit verdicts to rest upon such conjecture and speculation, and the court was right in its ruling. *Weckter v. Great Northern R. Co.*, 54 Wash. 203, 102 Pac. 1053, and other cases from this court there cited. It is not a case for the application of the rule of a reasonably safe place. There was nothing to show the place was not reasonably safe, except the accident itself. There was no suggestion as to what could have been done to make it safer, or to prevent accidents of like character. The doctrine of reasonably safe place does not apply to the construction of buildings or other situations where the character of the place is constantly changing, with the same force as it does to a completed structure or other permanent and fixed place. All that is required is that the place be as reasonably safe as the

circumstances will permit, and that those engaged in the construction be not subject to unnecessary perils or dangers. *Fournier v. Pike*, 128 Fed. 991; *Armour v. Hahn*, 111 U. S. 313; *Finalyson v. Utica Mining & Milling Co.*, 67 Fed. 507; *Roth v. Eccles*, 28 Utah 456, 79 Pac. 918; *Kath v. Wisconsin Cent. R. Co.*, 121 Wis. 503, 99 N. W. 217; *Cully v. Northern Pac. R. Co.*, 35 Wash. 241, 77 Pac. 202; *Miller v. Moran Bros.*, 39 Wash. 631, 81 Pac. 1089, 1 L. R. A. (N. S.) 283. There is no evidence before us that would bring this case within the most liberal rule announced in cases of this character.

Failing to establish any theory of negligence upon which a recovery could be predicated, appellants next invoke the doctrine of *res ipsa loquitur* upon which to base their right of recovery. With the exception of actions directed against common carriers, this rule has been applied to injuries received from falling objects more frequently than to any other class of cases. But even in these cases, there is a well defined line along which the doctrine runs. It has never been applied by the courts except where the facts and demands of justice make its application essential, depending upon the peculiar facts and circumstances in each particular case, and where the duty which the defendant owes the injured person is of such a nature that proof that the accident happened under the given conditions is of such value in law as to afford evidence of negligence in itself, and thus make out a *prima facie* case; and only then when the producing cause of the injury is under the control of the defendant, and the accident is of such a nature that it would not ordinarily occur except from the lack of due care. Thompson, Negligence, §§ 7635, 7636; *Anderson v. McCarthy Dry Goods Co.*, 49 Wash. 398, 95 Pac. 325, 126 Am. St. 870, 16 L. R. A. (N. S.) 931.

"The true rule would seem to be that when the injury and circumstances attending it are so unusual and of such a nature that it could not well have happened without the

company being negligent or when it is caused by something connected with the equipment or operation of the road, over which the company has entire control, . . . a presumption of negligence on the part of the company usually arises from proof of such facts." 4 Elliott, Railroads, § 1644.

See, also, *Allen v. Northern Pac. R. Co.*, 35 Wash. 221, 77 Pac. 204, 66 L. R. A. 804; *Firebaugh v. Seattle Elec. Co.*, 40 Wash. 658, 82 Pac. 995, 111 Am. St. 990, 2 L. R. A. (N. S.) 836.

"The phrase *res ipsa loquitur*, as applied to negligence cases, is used to give expression to the idea that, when an accident is shown to be of such a character as, in the light of ordinary experience, is inexplicable except as the result of negligence, then negligence will be presumed." *De Yoe v. Seattle Elec. Co.*, 53 Wash. 588, 102 Pac. 446.

There is nothing in the case before us to justify a holding that the falling of a piece of timber in an incompleted building, with practically open spaces between the different floors, is of such an unusual and extraordinary occurrence that it would not happen except for want of due care on the part of the contractor, or that the cause of the fall was something over which the contractor had absolute and complete control; and that in the nature of things there could be no fall except in the negligent doing of some act peculiarly within the knowledge and control of the contractor. If the falling object was one that had been permanently put in place, upon whose stability, firmness and immovability the employee had a right to rely, and to assume the use of due care and caution in making it firm and stable, there might be debatable ground for the application of such a rule, but we can find none in the situation presented in this record.

There are many cases applying the doctrine where pedestrians upon the sidewalk or street below have been injured by falling signs, or boards or bricks, falling from the roof or other portions of completed buildings. Such cases readily fall within the true application of the rule in all its requirements, and we have found one case where a pedestrian was

injured by a plank falling from a building while under construction, which can be readily brought under the rule, there being in such a case no possible defense of acts of fellow servants, assumption of risk, contributory negligence, or any other that might be applied in the case of an injured employee; and it would manifestly be the duty of the contractor to so guard the erection of the building that objects used in its construction could not fall upon the sidewalk or street below and injure passers-by, wholly unconscious of any such probability and assuming no risk. We have, however, found no case where the rule has been applied to such a situation as is here disclosed. Following the liberal rule adopted by this court in personal injury cases, we did, in the case of *LaBee v. Sultan Logging Co.*, 47 Wash. 57, 91 Pac. 560, 20 L. R. A. (N. S.) 405; *Id.*, 51 Wash. 81, 97 Pac. 1104, apply this doctrine to the relation of master and servant, and in doing so, concededly went beyond the weight of authority; but we are not willing to be the pioneers in the announcement of the application of the doctrine to cases like the one before us. We gave as our reasoning in that case that the facts shown eliminated blame on the part of the injured servant or his fellow servants, when the injury was caused by the breaking of a cable which had been given the servant by the master for a particular use, and which at the time of the breaking was being used in the manner directed by the master; adopting the theory that "instrumentalities intended for a particular purpose, and suitable and proper for that purpose, do no break when put to the use for which they are designed, when used in a proper manner." Such reasoning is not applicable here. It cannot eliminate a number of conjectures as to what was the cause of the falling of the timber.

We have said we have found no case where, under a similar state of facts, the doctrine of *res ipsa loquitur* has been applied. We have, however, found many like cases where it has not. In *McGowan v. Nelson*, 36 Mont. 67, 92 Pac. 40, plaintiff, an employee, was injured by a plank falling upon

him from an upper story of a building in the course of construction. A recovery was denied, although sought under a theory of negligence in improperly piling the plank, and by invoking the rule of *res ipsa loquitur;* the reasoning of the court being that there was no testimony showing how the accident happened, whether by reason of negligence in not properly piling the planks, or piling them in an unsafe place, or in a dangerous manner, or by reason of the negligence of fellow servants in handling the planks. The circumstances, therefore, leaving room for different presumptions, the rule called for had no application. Two cases with more in common could hardly be found. In *Nash v. Nashua Iron & Steel Co.,* 62 N. H. 406, an employee in a foundry was injured by the fall of a steel ingot from above. A recovery was denied, there being no evidence of the cause of the fall. In *Dobbins v. Brown,* 119 N. Y. 188, 23 N. E. 537, the injury was caused by a fall from a bucket being lowered in a shaft. The only survivor of the accident testified that something fell from above and knocked the deceased out of the bucket. After the accident, the cable supporting the bucket and dummy-yoke was found to be broken at a point above the bucket where a chain connected with the cable and the dummy-yoke, and part of the chain was found at the bottom of the shaft. There was no proof but that the apparatus used was such as was generally used in deep shafts; no evidence of defect in the plan or structure of the machinery or appliances used in lowering the bucket, or that it was not well constructed and of good material. The court said that any inference as to how or why the accident happened would be substituting conjecture for proof, and denied a recovery. In *Martin v. Cook,* 14 N. Y. Supp. 329, plaintiff was injured by the fall of a ladle from a crane above him. The sole proof of negligence relied upon was the happening of the accident; held, insufficient. In *Allen v. Banks,* 39 N. Y. Supp. 1016, a teamster loading his wagon with ice was injured by the fall of a piece of ice from above. Recovery

was sought under the rule of *res ipsa loquitur*, but denied. Other like cases might be cited, but the above are sufficient, in the absence of any contrary ruling, to show that upon authority the doctrine of *res ipsa loquitur* is not properly applicable in such a case as the one before us.

We therefore concur with the court below, and the judgment is affirmed.

CROW, ELLIS, PARKER, and MOUNT, JJ., concur.