[No. 10833. Department Two. March 15, 1913.]

GEORGE SAMARDEGE, *Respondent*, v. HURLEY-MASON COMPANY, *Appellant*.[1]

MASTER AND SERVANT—NEGLIGENCE—SAFE PLACE TO WORK—EVIDENCE—SUFFICIENCY—ASSUMPTION OF RISK. An action by a workman employed in piling up cement bags, for injuries sustained through the fall of a pile of bags, alleged to have been "piled too high" and in a negligent manner, must fail in the absence of any evidence to show the cause of the fall, or that the pile was improperly piled, especially where the plaintiff was experienced and might have assumed the risk of a dangerously high pile.

MASTER AND SERVANT—INJURY TO SERVANT—CAUSE OF ACCIDENT—RES IPSA LOQUITUR. In an action for injuries through the fall of a pile of cement bags injuring a workman engaged in piling bags,

[1]Reported in 130 Pac. 755.

the doctrine of *res ipsa loquitur* does not apply, where there was nothing to indicate whether the fall was due to negligent piling or the act of a fellow servant.

Appeal from a judgment of the superior court for King county, Gay, J., entered July 19, 1912, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by an employee through the fall of a pile of cement bags. Reversed.

*Peters & Powell,* for appellant.

*Philip Tworoger,* for respondent.

MORRIS, J.—Respondent, in January, 1911, was engaged by appellant as a common laborer in piling up cement packed in bags weighing about ninety pounds. Some days before respondent went to work, other laborers had built a pile about thirty-five feet long and ten or eleven feet high. Respondent and two other laborers were building up other piles in front of this old pile, when it is alleged that it fell and injured respondent. The negligence charged and the cause of the fall was in permitting the old pile "to be piled too high" and "piled in a negligent manner, so that the same would not support its own weight."

Counsel for respondent contented himself with showing the fall of the old tier and the consequent injury. No attempt was made to show the cause of the fall, that it was improperly piled, or too high; it being contended that, having shown the height of the pile and that it fell, it was a question for the jury to say whether or not the pile was too high, and further that the doctrine of *res ipsa loquitur* applies, and it was the duty of appellant to absolve itself from negligence. Neither of these contentions can be sustained. The jury could not by their verdict establish a fact until there was some evidence to support it. If, therefore, appellant desired a verdict based upon a finding that the cement was "piled too high" or "piled in a negligent manner," as he had alleged in his complaint, he must furnish the jury some proof of that

fact.  We have too many cases holding that juries may not speculate as to causes of injury where negligence is alleged to even make reference to them helpful.  When negligence is alleged as a fact, it must be proved as a fact.  If this cement was piled too high or otherwise negligently piled, it seems to us it would have been a simple matter to prove it or offer some testimony from which a jury could so find.

If we were to look for causes for the falling of the bags of cement, we might find one in the testimony of appellant that two other laborers, who were engaged in the same work, were throwing the bags up against the pile that he says fell. Respondent had some experience in work of this character; for three years he had been employed in some iron works at Chicago, where much of his work consisted in piling up iron. We held, in *Deaton v. Abrams*, 60 Wash. 1, 110 Pac. 615, that an experienced man could not recover for injuries from the falling of a pile of four-foot slabs, eighteen feet high; upon the ground that, if the pile was dangerously high, the danger was so open and apparent that any man ought to know it, and the risk was therefore assumed.  Much that is said in that case is applicable here.

The doctrine of *res ipsa loquitur* cannot be applied to cases of this character.  That rule, as applied to falling objects, covers cases where the occurrence is of such an unusual and extraordinary character that it would not happen except for want of due care, or that the cause of the fall was something over which the defendant had absolute and complete control; and that in the nature of things there could be no fall except in the negligent doing of some act peculiarly within the knowledge and control of the defendant.  Here, as we have before said, there was no evidence showing how the accident happened; whether the cement was piled too high or in an unusual manner, or in an unsafe place, or in a dangerous manner, or whether it was due to the act of fellow employees in throwing bags of cement up against the pile. "The circumstances, therefore, leaving room for different

presumptions, the rule called for had no application." *Lewinn v. Murphy*, 63 Wash. 356, 115 Pac. 740, Ann. Cas. 1912 D. 433. Many cases are there referred to which are authoritative here.

We therefore hold it was error to deny appellant's motion for judgment notwithstanding the verdict, and for such error the judgment is reversed and the cause ordered dismissed.

CROW, C. J., FULLERTON, ELLIS, and MAIN, JJ., concur.