[No. 11205. Department One. July 23, 1913.]

OTTO JOHNSON, *Appellant*, v. COLUMBIA & PUGET SOUND RAILWAY COMPANY, *Respondent*.[1]

MASTER AND SERVANT — INJURY TO SERVANT — PROXIMATE CAUSE— EVIDENCE—SUFFICIENCY. In an action for personal injuries to a blacksmith's helper, through the use of an improper style of tongs, which it was alleged could not safely hold the iron to be welded, the use of such tongs was not negligence nor the proximate cause of the accident, where it appears that the tongs used held the iron in position at the time of, and had nothing to do with, the cause of the accident.

SAME—RES IPSA LOQUITUR. In an action for personal injuries sustained by a blacksmith's helper who was struck when a piece of iron that was being welded by a steam hammer slipped out and fell, there can be no recovery on the ground of *res ipsa loquitur*, where there was nothing to show what caused the iron to slip and no proof of negligence; since it was necessary for plaintiff to show that it was caused by defective machinery or some extraordinary or negligent act under the control of the defendant.

Appeal from a judgment of the superior court for King county, Tallman, J., entered November 2, 1912, dismissing

[1]Reported in 133 Pac. 604.

an action for personal injuries sustained by a blacksmith's helper, on granting a nonsuit. Affirmed.

*E. F. Kienstra,* for appellant.

*Farrell, Kane & Stratton* and *Stanley J. Padden,* for respondent.

MOUNT, J.—This action was brought by the plaintiff to recover damages for personal injuries. After the issues were made up, the case was tried to the court and a jury. At the close of the plaintiff's evidence, the trial court, upon motion of the defendant, granted a nonsuit and dismissed the action, for the reason that no negligence on the part of the defendant was shown. The plaintiff has appealed.

The facts, as shown by the appellant's evidence, are substantially as follows: The appellant was employed by the respondent as a helper to a blacksmith. He had been engaged in this work for about ten days. On the 20th day of October, 1910, he was engaged with the blacksmith in welding a tooth for a steam shovel. This tooth consisted of a piece of iron about twenty inches long and six by six inches square. This iron was being welded under a steam trip hammer. It was the duty of the appellant to manipulate certain chains which extended from a crane to the tongs and iron, thereby placing the iron between the die and the trip hammer. The iron being welded was held by a pair of tongs which are designated as "straight lipped" tongs. The blacksmith was assisted by another helper whose duty it was to manipulate the trip hammer. The blacksmith himself manipulated the iron under the hammer. While engaged in this work, the iron, in some manner not explained in the evidence, fell from the die, or slipped out from between the die and the hammer, and fell to the floor. The end of the tongs swung towards the appellant and struck him on the side and injured him.

The negligence alleged in the complaint was that the blacksmith used "a defective, unsafe and improper tongs, not suitable for such purpose, to wit: said tongs being what is

known as the straight lipped, and not considered safe or suitable for such heavy work because of its straight lip . . . and not constructed or intended to safely hold such large pieces of iron steady or to prevent the same from shifting or jumping while being welded, and said tongs were negligently used by the respondent instead of the 'pick' style designed and constructed for such use or work."

The second ground of negligence alleged was that the foreman of the respondent, being in control of the operation of the steam hammer and the employees, negligently ordered the helping operator to hammer or strike and hammer the iron with more force, and to use the full striking capacity of said hammer, which caused the iron to jump or kick from under the hammer and the said defective tongs to strike appellant, inflicting the injuries set out in the complaint.

There was some evidence which tended to show that the straight lipped tongs which were used on this occasion were not safe or proper tongs to be used upon work of this character, by reason of the fact that the straight lipped tongs would not hold the iron solidly; that another pair of tongs which were commonly called the "pick" style would, by reason of their construction, hold large pieces of iron solidly and not permit such iron to slip within the tongs. But it was conceded upon the trial of the case that the straight lipped tongs which were used upon this occasion did not slip upon the iron, and did not permit the iron to slip within the jaws of the tongs; for after the iron fell to the floor, the tongs still held the iron firmly and solidly in position. The fact that improper tongs were used, therefore, was not the proximate cause of the injury, because these tongs held the iron as firmly as any other character of tongs could have done. There was, therefore, no negligence in using these tongs; or if there was negligence in the use of the tongs, such negligence did not cause the injury.

The other ground of negligence alleged was that the foreman ordered the helper operating the hammer to strike the iron

with more force.    As one of the witnesses said, "Hit her
harder."   We find nothing in the case to show that this caused
the iron to fall out from between the die and the hammer.    In
fact, there is no evidence which tended to show that hitting
the iron harder caused it to slip out from between the die
and the hammer.    Nor is there any evidence to show that
it was unusual for the hammer at that time to use more force;
or that it was unnecessary for the hammer to strike with
more force at that time.    We find nothing in the evidence
which shows, or even tended to show, that the respondent was
negligent, or that its negligence was the cause of the injury.
The appliances, except perhaps the tongs, were the kind
commonly used, and were in good repair.    The tongs, even
though we may conclude that they were not the kind which
should have been used, held the iron perfectly and did not per-
mit it to slip.    Such negligence, therefore, did not cause the
injury.    Before the appellant can recover in a case of this
character, it must be shown that there was some negligence
on the part of the respondent which caused the injury. *Han-
sen v. Seattle Lumber Co.*, 31 Wash. 604, 72 Pac. 457.

It is contended by the appellant that the mere fact that
the accident happened was sufficient to take the case to the
jury.    In other words, that the rule *res ipsa loquitur* applies
in this case.    In *Lynch v. Ninemire Packing Co.*, 63 Wash.
423, 115 Pac. 838, we said:

"The maxim of *res ipsa loquitur* is applied in negligence
cases on the theory that the accident, in the light of sur-
rounding circumstances, is of such a character as to raise a
presumption of negligence from the occurrence itself; and on
the further theory, that the injured party is not in a posi-
tion to explain its cause; while the party charged, having
more favorable opportunities, is in a position to thus explain
and show himself free from negligence, if such be the case."

In *Lewinn v. Murphy*, 63 Wash. 356, 115 Pac. 740, Ann.
Cas. 1912 D. 433, we said:

"The doctrine of *res ipsa loquitur* . . . has never been
applied by the courts except where the facts and demands of

justice make its application essential, depending upon the peculiar facts and circumstances in each particular case, and where the duty which the defendant owes the injured person is of such a nature that proof that the accident happened under the given conditions is of such value in law as to afford evidence of negligence in itself, and thus make out a *prima facie* case; and only then when the producing cause of the injury is under the control of the defendant, and the accident is of such a nature that it would not ordinarily occur except from the lack of due care."

We find nothing in the record in this case which brings it within the rule stated. The cause of the iron slipping from between the hammer and the die is not explained in the evidence. It was necessary for the appellant to show that this was caused by defective machinery or by some extraordinary or negligent act over which the respondent had control. This was not shown. We conclude, therefore, that the trial court properly granted a nonsuit. The judgment is therefore affirmed.

PARKER, CHADWICK, and GOSE, JJ., concur.