FRED LORENZ, Respondent, *v.* ERIE RAILROAD COMPANY, Appellant.

Fourth Department, March 24, 1926.

**Master and servant — action at common law for injuries suffered by shopworkman — evidence does not show negligence or defect in machine — negligence of fellow-servant — plaintiff assumed risk.**

In an action by a shopworkman employed by a railroad company to recover for injuries suffered while he was at work on a planer, the judgment in favor of the plaintiff must be reversed, since it appears that the action was not brought under the Employers' Liability Act, but on the common-law liability of a master to his servant, and that there is no evidence of any negligent act of the master, and no proof that the machine which the plaintiff used was defective in any way, but that the plaintiff was adequately instructed as to the proper manner of doing the work and warned of the ordinary dangers to be expected.

If the accident occurred by reason of negligence on the part of the coemployee who was in charge of the machine, then the defendant would not be liable, since the accident would have been caused by the negligence of a fellow-servant. The risk of the accident was assumed by the plaintiff.

APPEAL by the defendant, Erie Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Erie on the 16th day of October, 1925, upon the verdict of a jury for $250.

*Moot, Sprague, Brownell & Marcy* [*John S. N. Sprague* of counsel], for the appellant.

*Florence Farrington,* for the respondent.

PER CURIAM. The plaintiff has recovered a judgment against his employer for damages for personal injuries alleged to have been sustained while working on a planer or " jointer " in 1913. The action was not brought under the provisions of the Employers' Liability Act (Labor Law of 1909, art. 14, as amd. by Laws of 1910, chap. 352) which at the time of the accident imposed certain liabilities on employers and regulated the procedure in enforcing the remedy, but on the common-law liability of a master to his servant for negligence.

There is no evidence in the record of any negligent act of the master. There was no defect in the machine then in use. It had so far as it appears a proper guard in place over the knives, except when a board was going through the machine and then necessarily it was pushed to one side, but was brought back when the board passed over the knives or was removed. It further appears that plaintiff was given adequate instructions as to the proper manner of doing the work with warning of the ordinary dangers inherent

in the use of the machine. The master had fully discharged the duty it owed on the theory on which this action was brought. (*Dobbins* v. *Brown,* 119 N. Y. 188; *Cowhill* v. *Roberts,* 71 Hun, 127; affd., 144 N. Y. 649; *Rikel* v. *Ferguson,* 5 N. Y. Supp. 774; affd., 117 N. Y. 658; 3 Labatt Mast. & Serv. [2d ed.] § 906; 39 C. J. 317.)

No other conclusion may be reached than that the accident by which a small piece of plaintiff's little finger was cut off was caused either by the sudden jumping of the board or by his own contributory negligence in standing and placing his hands in a position contrary to his instructions. (*Ripp* v. *Fuchs,* 129 App. Div. 321.) The plaintiff was a " helper " to the man who was operating the machine and even had the accident occurred by reason of negligence on the part of the latter in giving some directions concerning the work, the master would not be liable. (*Malone* v. *Hathaway,* 64 N. Y. 5; *Manser* v. *Astoria Veneer Mills,* 146 App. Div. 478.) The risk of an accident such as occurred was one plaintiff assumed. (*Crown* v. *Orr,* 140 N. Y. 450.)

The judgment should be reversed on the law and the facts, with costs, and the complaint dismissed, with costs.

Present — HUBBS, P. J., CLARK, DAVIS, SEARS and CROUCH, JJ. All concur.

Judgment reversed on the law and facts and complaint dismissed, with costs.